Joe MARTINEZ, Jr., et ux., Appellants,

v.

Dellon F. BEASLEY, Appellee.

No. 1389.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 21, 1978.

John R. Haas, Corpus Christi, for appellants.

Robert E. Haegelin, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

The sole issue presented by this appeal is whether the District Court of Nueces County, Texas, properly sustained the defendant Beasley's plea to the jurisdiction of the suit filed by plaintiffs' Martinez. We hold that it did not.

The plaintiffs Joe Martinez, Jr. and wife, Guadalupe Martinez, filed suit in the District Court of Nueces County, Texas, on June 9, 1978, wherein they sought to cancel a trustee's deed which conveyed real property to Beasley, the defendant, following a purported foreclosure of a deed of trust lien on the subject realty. The trial judge sustained the defendant's plea to the jurisdiction and dismissed the suit. Plaintiffs have appealed.

Plaintiffs alleged: 1) they purchased a certain improved lot in Corpus Christi, Texas, from defendant on March 31, 1977; 2) they paid $6,000.00 "as a down payment" and executed "an agreement to pay defendant the sum of $2,000.00, plus interest, in monthly installments"; 3) the "agreement" was secured by a deed of trust on the subject property, which was a second lien on said property; 4) the deed of trust lien was foreclosed on December 6, 1977, and the subject property was purchased by defendant at the trustee's sale for $3,000.00; 5) the foreclosure sale was void because "the trustee did not have authority to sell such property for the reason that plaintiffs were not given written notice", as required by Tex.Rev.Civ.Stat.Ann., art. 3810; or, in the alternative, "if notice was sent to plaintiffs, they did not receive such notice and were thereby denied the opportunity to redeem their property before the foreclosure was completed"; 6) they tendered to defendant the full balance of the debt which they owed defendant, including interest "and attorney's fees" as soon as "they learned the full facts" of the foreclosure, but such tender was refused by defendant; and 7) subsequent to the foreclosure, defendant instituted a forcible detainer action against plaintiffs, which (at the time the petition in the district court was filed) was then pending in the Nueces County Court at Law following an appeal to that court from a Justice Court in Nueces County, Texas. Plaintiffs prayed that the district court grant a temporary injunction "restraining defendant from proceeding in the forcible detainer suit until this case is tried; that upon a trial of this case, the court award judgment cancelling the trustee's deed to plaintiffs' property", and for general relief.

The application for the issuance of the temporary injunction was set down for hearing at 3:00 o'clock p. m., on June 15, 1978. Defendant, on the date set for the hearing on the application, filed his answer, which consisted of a plea to the jurisdiction, numerous exceptions, and certain affirmative defenses to the action. The plea to the jurisdiction was based upon defendant's allegation that he had theretofore been awarded a judgment in a forcible detainer suit which he had filed against plaintiffs in Justice Precinct No. 1, in Nueces County, which judgment had become final insomuch as plaintiffs did not timely perfect an appeal therefrom. He attached to the plea: 1) a xerox copy of a purported writ of possession, signed by the Justice of the Peace, Precinct No. 1, Nueces County, Texas, and which recited that Dellon F. Beasley recovered judgment in Cause No. 31375 against Joe Martinez, Jr. and Guadalupe

Martinez on March 6, 1978 "for the restitution" of certain premises therein described; 2) a xerox copy of an appeal bond which was filed in the Justice Court on April 7, 1978. Neither of the above documents was certified by the Justice of the Peace, but both were certified by the County Clerk of Nueces County as being copies which had been filed in Cause No. 24903–3, styled "Dellon F. Beasley v. Joe Martinez, Jr. and wife, Guadalupe Martinez", then pending in County Court at Law No. 3 of Nueces County, Texas.

The judgment, which was signed on June 19, 1978, denied plaintiffs' application for the issuance of the temporary injunction, sustained defendant's plea to the jurisdiction of the action brought by plaintiffs, and dismissed the suit. Plaintiffs complain of the ruling by the trial court in a single point of error, which reads:

"The trial court erred in sustaining Appellee's plea to the jurisdiction and ordering the dismissal of Appellants' lawsuit."

Plaintiffs do not contend in this appeal that the trial court erred in refusing to grant the temporary injunction as prayed for by them in their original petition. Therefore, the ruling by the trial court relating to the injunction feature of the case is now final and is not before us in this appeal; we express no opinion as to whether the trial court properly refused to grant plaintiffs' application for the temporary injunction. We consider only the ruling which sustained the plea to the jurisdiction of the district court to hear and determine the merits of plaintiffs' lawsuit.

Tex.Rev.Civ.Stat.Ann. art. 3994 (1966) provides:

"The proceedings under a forcible entry, or forcible detainer, shall not bar an action for trespass, damages, waste, rent or mesne profits."

Although we have found no case directly in point, it has been held in *House v. Reavis*, 89 Tex. 626, 35 S.W. 1063 (1896), that the word "trespass" as used in the statute included a trespass to try title action and, therefore, a judgment of possession was not a bar to a trespass to try title suit. It was further held in *Johnson v. Highland Hills Drive Apartments*, 552 S.W.2d 493 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.), that a judgment of possession in a forcible detainer action does not bar a subsequent suit for damages resulting from a wrongful eviction. We see no reason why the rule, logic and reasoning of the above cases should not be applied to the instant case. Such conclusion is consistent with the theory that a forcible detainer action is for the sole purpose of determining who is entitled to the immediate possession of the premises, and is cumulative of other remedies, and not exclusive. *Haginas v. Malbis Memorial Foundation*, 163 Tex. 274, 354 S.W.2d 368 (1962); *Holcombe v. Lorino*, 124 Tex. 446, 79 S.W.2d 307 (1935). Thus, a judgment of possession in a forcible detainer action is a determination only of the right to immediate possession of the premises, and does not determine the ultimate rights of the parties to any other issue in controversy relating to the realty in question. Therefore, in this case, plaintiffs have the right to sue in the district court to determine whether the trustee's deed should be cancelled, independent of defendant's award of possession of the premises in the forcible detainer action, which determined the right to immediate possession of the premises, and nothing else. An action in forcible detainer in the justice court is one thing, and an action in the district court to determine whether a trustee's deed to the premises involved in the forcible detainer action should be set aside in something else.

Accordingly, we hold that the judgment of possession in favor of defendant in the forcible detainer action did not deprive the district court of jurisdiction to hear and determine plaintiffs' suit to cancel the trustee's deed to the subject property. Plaintiffs' point is sustained. The judgment of the trial court which sustained defendant's plea to the jurisdiction and dismissed this action for cancellation of the trustee's deed is reversed, and the cause is remanded to the trial court with instructions to reinstate plaintiffs' suit on the docket of the court for a trial on the merits.

REVERSED and REMANDED.