**Robert YOUNG, Appellant,**

v.

**PULASKI BANK & TRUST, Appellee.**

No. 19856.

Court of Civil Appeals of Texas, Dallas.

Feb. 20, 1979.

Rehearing Denied March 28, 1979.

Thomas K. Boone, Dalton, Moore, Forde, Joiner & Stollenwerck, Dallas, for appellant.

Craig T. Enoch, Moseley, Jones & Enoch, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

ROBERTSON, Justice.

This is an appeal from the denial of a temporary injunction. Robert Young, appellant, sought a mandatory injunction to dispossess Pulaski Bank & Trust, appellee, from his home. The trial court denied temporary relief on the ground that the right to immediate possession had been determined by a final judgment in the justice court. We hold that the trial court did not abuse its discretion in denying appellant's application for temporary injunction and accordingly, affirm.

The facts in this case are undisputed. A default judgment was rendered in favor of appellee in a forcible entry and detainer suit against appellant on October 4, 1978, granting appellee possession of appellant's home. This justice court judgment became final on October 30, 1978, and was not appealed. A writ of restitution was issued on

October 31, 1978, and appellant's application for a temporary restraining order to prevent his dispossession was denied on November 1, 1978. Appellant was then dispossessed on the same day. On November 2, 1978, appellant sought a temporary mandatory injunction to remove appellee from the premises.

Appellant contends that the trial court abused its discretion in denying his application for a temporary injunction. He argues that he demonstrated a probable right to recover and a probable injury if the injunction was denied and that he was entitled to a preservation of the status quo pending trial on the merits. Specifically, appellant contends that the trial court abused its discretion in holding that the justice court's order precluded injunctive relief. We disagree.

Appellate review of an order granting or denying a temporary injunction is strictly limited to a determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978); *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460 (1952). In *Texas Foundries, Inc.* the supreme court stated:

> The granting or refusing of a temporary injunction is subject to a very different character of appellate review from the granting or refusing of a permanent injunction. The trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case, and when that discretion is exercised, its order should not be overturned unless the record discloses a clear abuse of discretion. 248 S.W.2d at 462.

Appellant has the burden to show that the trial court clearly abused its discretion. This he has failed to do. The purpose of a temporary injunction is the preservation of the status quo of the subject matter of the suit pending trial on the merits. *Davis v. Huey, supra.* "Status quo" refers to the last actual, peaceful, noncontested status of the parties to the controversy which preceded the suit. *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549, 553 (1953). The "status quo" to be maintained is appellee's possession of the property, which has been accomplished by a valid judgment of a justice court concerning only the right to immediate possession of the premises. *See Johnson v. Highland Hills Drive Apartments*, 552 S.W.2d 493, 495 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.). This judgment was not appealed and thus, appellant has failed to show an abuse of discretion by the trial court in denying his application for temporary mandatory injunction.

Accordingly, we affirm.