**HOME SAVINGS ASSOCIATION,**
Appellant,

v.

**Crespin RAMIREZ and Mary Flores Ramirez, Appellees.**

No. 1669.

Court of Civil Appeals of Texas, Corpus Christi.

May 22, 1980.

Rehearing Denied June 18, 1980.

John A. Coselli, Jr. and Howard C. Lee, Jr., Law Offices of Carl, Lee & Fisher, Houston, for appellant.

Terry A. Canales, Law Offices of Canales & Barrera, Alice, for appellees.

## OPINION

YOUNG, Justice.

This is an appeal from an order granting a temporary injunction. Crespin Ramirez, and wife, Mary Flores Ramirez, were granted a temporary injunction in district court enjoining the Sheriff of Wharton County from executing a writ of restitution against their home. The writ of restitution was ordered by the county court of Wharton County as a result of a suit for forcible entry and detainer filed by Home Savings Association. The district court issued the injunction based upon the allegations of Mr. and Mrs. Ramirez that the county court exceeded its jurisdiction by adjudicating title to the property. Home Savings appeals. We reverse.

On review of an order granting a temporary injunction, this Court is limited to determining whether there has been a clear abuse of discretion by the trial court in granting the injunction. *Davis v. Huey,* 571 S.W.2d 859 (Tex.Sup.1978); *Powers v. Lynn,* 523 S.W.2d 271 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.).

"[The purpose of a temporary injunction is the] preservation of the status quo of the subject matter of the suit pending trial on the merits." *Davis v. Huey,* supra; *Young v. Pulaski Bank & Trust,* 579 S.W.2d 294, 295 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e.). The "status quo" has been defined as "the last actual, peaceable noncontested status which precedes the pending controversy." *McCan v. Missouri Pac. R. Co.,* 526 S.W.2d 754, 758 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Saenz v. Lackey,* 522 S.W.2d 237, 242 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.). To determine the status quo as it existed at the time of the hearing on the injunction in the district court, it is necessary to review the pertinent facts of this case.

Appellees, the owners of a house at 709 David Street in the city of Wharton, Wharton County, contracted with Major United Steel Siding Corp., a construction company whose principal place of business is in Harris County, to install siding on their home. The contractor received a note for the work to be performed, which was assigned to the appellant, who had prior agreements with the contractor to finance such work. The assignment tranferred to the appellant the note and all liens provided for in the "Contract for Labor and Materials and Trust Deed" previously executed between the appellees and the contractor. That agreement provided that in the event of default, foreclosure and a trustee's sale would occur. It further provided:

"If the Owners or those holding under them shall remain in possession of said property after sale, however made, such Owners or those holding under them shall become the tenants at sufferance of the purchaser, and should such tenants refuse to surrender possession of said property upon demand, the purchaser shall thereupon be entitled to institute and maintain the statutory action for forcible entry and detainer, and procure a writ of possession thereunder."

The contractor allegedly performed the work provided for in the contract, as is evidenced by the appellees' signatures on a Completion Certificate for Property Improvement Loan. Appellees, however, refused to make payments under the terms of the note. Instead, appellees brought suit against appellant in the district court of Harris County on the contract.

Under the foreclosure provisions set out in the deed of trust, the appellant foreclosed on the note and held a substitute trustee's sale at which the appellant purchased the property. As a result of the sale and appellees' continued occupation of the house, the appellant brought a forcible entry and detainer suit in the justice court of Wharton County to remove the appellees from the premises. After judgment was entered in appellant's favor, a trial de novo

was had in the county court of Wharton County in which appellant was granted a writ of restitution in order to obtain immediate possession of the premises. Appellees then brought this suit in the district court of Wharton County to enjoin the execution of the writ until a final disposition of the suit in Harris County was made. This appeal of that temporary injunction followed.

Tex.Rev.Civ.Stat.Ann. art. 3973 (1966) provides that any person who " . . . shall wilfully and without force hold over any lands, tenements, or other real property after the termination of the time for which such lands, tenements or other real property were let to him . . . shall be adjudged guilty of forcible entry and detainer." Jurisdiction of such actions is expressly given to the justice of the peace of the precinct where the property is located. Other statutes relating to this action provide that the judgment of the county court in a trial de novo of the forcible entry and detainer at the justice court is nonappealable except where the judgment for damages exceeds $100.00 and that this suit is non-exclusive in that it does not bar an action for trespass, damages, waste, rent or mesne profits. Tex.Rev.Civ.Stat.Ann. arts. 3992 and 3994 (1966). See *Johnson v. Highland Hills Drive Apartments*, 552 S.W.2d 493 (Tex.Civ.App.—Dallas 1977), writ ref'd n. r. e., 568 S.W.2d 661 (Tex.Sup.1978); *Valenzuela v. Housing Authority of El Paso*, 520 S.W.2d 406 (Tex.Civ.App.—El Paso 1975, no writ).

■ In most situations the parties involved in a forcible entry and detainer suit are in a landlord-tenant relationship. The parties in this case are in the posture of mortgagor-mortgagee. It is well established law that the parties may provide by stipulations in a deed of trust that in the event of foreclosure, the mortgagor becomes a tenant at will of the mortgagee. The mortgagee can institute a forcible entry and detainer action to remove the tenant from the premises. *Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816 (1936); *Criswell v. Southwestern Fidelity Life Ins. Co.*, 373 S.W.2d 893 (Tex.Civ.App.—Houston 1963,

no writ). Such is the situation in the case before us.

■ In order to ascertain whether the district court abused its discretion in entering the order enjoining the execution of the writ of restitution, it is necessary to review the nature of a forcible entry and detainer suit. The Legislature, in creating the cause of action known as a forcible entry and detainer, intended to provide a "summary, speedy, simple, and inexpensive remedy for the determination of who is entitled to the possession of the property without resorting to an action upon the title." *Holcombe v. Lorino*, 124 Tex. 446, 79 S.W.2d 307, 309 (1935); Tex.Rev.Civ.Stat.Ann. art. 3994 (1966). To accomplish this purpose, the justice court was given exclusive jurisdiction over these suits except in cases of trial de novo by the county courts. The justice court, however, cannot adjudicate title to the land. *Slay v. Fugitt*, 302 S.W.2d 698 (Tex.Civ.App.—Dallas 1957, writ ref'd n. r. e.). The court merely resolves who is entitled to immediate possession. *Johnson v. Highland Hills Drive Apartments*, supra at 495.

■ The forcible entry and detainer action provides a party with an immediate legal remedy to obtain possession. But, this cause of action does not prohibit the filing of related suits to determine the validity of the trustee's deed itself. *Martinez v. Beasley*, 572 S.W.2d 83, 85 (Tex.Civ.App.—Corpus Christi 1978, no writ). The action is cumulative of other remedies, not exclusive. The party who is removed from the property may challenge the trustee's deed in a suit in the district court. *Young v. Pulaski Bank & Trust*, supra at 295; *Martinez v. Beasley*, supra.

■ If other legal remedies exist, then a party may not seek equitable relief through an injunction. *Young Women's Christian Association v. Hair*, 165 S.W.2d 238, 242–243 (Tex.Civ.App.—Austin 1942, writ ref'd w. o. m.). The district court has no authority to issue an injunction restraining the enforcement of a judgment of the justice court (or county court as here) if

that judgment solely resolves who is entitled to immediate possession. *Slay v. Fugitt,* supra at 702. Additionally, applications for injunction seeking equitable relief are subject to strict construction due to the cumulative nature of this action. *Holcombe v. Lorino,* supra at 309.

It is clear from an examination of the Legislature's intent in creating the action of forcible entry and detainer and caselaw interpretation of the statute that the district court in the case before us abused its discretion. The only issue presented to the justice and county court was who was entitled to immediate possession. The appellant, as grantee in the trustee's deed, was entitled to possession. As in the case of *Young v. Pulaski Bank & Trust,* supra, the last actual, peaceable noncontested possession of the house was that adjudicated by the county court in favor of the appellant. By issuing the injunction prohibiting the execution of the writ of restitution, the trial court abused its discretion by changing the status quo.

The judgment of the district court is reversed and it is here rendered that the temporary injuction granted by the district court is dissolved.