Bert OGDEN and First National Bank, Appellant,

v.

Bonnie Belle Madden COLEMAN, Appellee.

No. 13-83-265-CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 20, 1983.

Charles W. Hury, McAllen, Marshall R. Ray, Brownsville, for appellant.

Stephen J. Callahan, Brownsville, for appellee.

Before NYE, C.J., and YOUNG, J.

## OPINION

YOUNG, Justice.

This is an appeal from an order granting a temporary injunction. Bonnie Coleman was granted a temporary injunction in District Court enjoining Bert Ogden from "interfering in any manner with the possession by Bonnie M. Coleman of the premises located at South Padre Island, Texas ..." A forcible entry and detainer action had been filed by appellant Ogden against appellee Coleman and a subsequent writ of restitution had been obtained and executed against appellee, evicting her and her household furnishings from the property. The District Court issued the injunction based upon allegations of the appellee that appellant had improperly acquired title to the property, and that appellee had suffered and was suffering irreparable harm because of her eviction from the property. We affirm.

In September of 1978, appellee purchased certain real property in Cameron County, Texas, located on South Padre Island, which is the subject matter of this litigation. In February 1980, as a renewal and extension of the financing arrangements by which appellee acquired the property, she executed a note to First National Bank of Brownsville in the amount of $12,850.00. That note, secured by deed of trust, required appellant to make monthly payments to First National Bank in Brownsville in the amount of $285.86. From March of 1980 through August of 1982, appellee remained current on her payments. Sometime after September 1982, the payments became delinquent and the note went into

default. The bank then accelerated the note and caused the property to be posted for foreclosure sale. On December 7, 1982, the property was sold at foreclosure sale. The successful bidder at the foreclosure sale was appellant, Bert Ogden. Soon after purchasing the property and obtaining a trustee's deed, the appellant notified appellee to vacate the property. Following appellee's failure to vacate the property, appellant allegedly filed a forcible entry and detainer action against appellee, obtained a judgment and writ of restitution, and had the appellee evicted from the property.

Prior to the foreclosure sale, appellee filed a document entitled, "Complaint for Damages for Personal Injuries, Embezzlement of Personal Property, Inhumane Mental Cruelty, and Personal Physical Damages." This document which has been denominated as her original petition was a rambling pro se petition which states no pertinent actionable causes of action. After the foreclosure sale and eviction, appellee's daughter, Mitzie Twombly, was substituted as next friend for appellee and a subsequent pleading entitled "Plaintiff's First Amended Original Petition" was filed alleging the causes of action herein set out. Appellees brought this suit in the District Court of Cameron County wherein, at the conclusion of the hearing, the trial court granted the requested relief for temporary injunction ordering the appellant to restore appellee and her furnishings to the subject property.

■ In several of his points of error, appellant challenges the issuance of the temporary injunction by the trial court on both legal and factual insufficiency grounds. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established tests set forth in *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza*, 626 S.W.2d 120 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 359 (1961). But a

more basic rule prevails on our review of an order granting a temporary injunction, which rule is that this Court is limited to determining whether there has been a clear abuse of discretion by the trial court in granting the injunction. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978); *Diesel Injection Sales & Service v. Gonzalez*, 631 S.W.2d 193 (Tex.App.—Corpus Christi, 1982, no writ); *Powers v. Lynn*, 523 S.W.2d 271 (Tex.Civ. App.—Corpus Christi 1975, writ ref'd n.r.e.).

■ In this type of litigation, the purpose of a temporary injunction is to preserve the status quo of the subject matter of the suit pending trial on the merits. *Davis v. Huey*, supra at 862; *Young v. Pulaski Bank & Trust*, 579 S.W.2d 294 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). The "status quo" has been defined as "the last actual, peaceable noncontested status that precedes the pending controversy." *McCan v. Missouri Pac. R. Co.*, 526 S.W.2d 754 (Tex.Civ. App.—Corpus Christi 1975, no writ); *Saenz v. Lackey*, 522 S.W.2d 237 (Tex.Civ.App.— Corpus Christi 1975, writ ref'd n.r.e.).

■ In most situations, the parties involved in a forcible entry and detainer suit are in a landlord-tenant relationship. The parties in this case are in the posture of a mortgagee-successor in interest to mortgagor. Having acquired such an interest, appellant is normally entitled to institute a forcible entry and detainer action to remove the appellee from the premises. *Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816 (1936); *Criswell v. Southwestern Fidelity Life Insurance Company*, 373 S.W.2d 893 (Tex.Civ. App.—Houston 1963, no writ).

■ In reviewing an order granting or denying a temporary injunction, we will indulge all reasonable presumptions in support of the trial court's judgment. *Diesel Injection Sales and Service v. Gonzalez*, supra at 195; *Lee v. Lee*, 359 S.W.2d 654 (Tex.Civ.App.—Houston 1962, writ ref'd n.r. e.). To prevail on an application for temporary injunction, an applicant need only plead a cause of action and show a probable right on final trial to the relief he seeks and probable injury in the interim. *Sun Oil*

Company v. Whitaker, 424 S.W.2d 216 (Tex. 1968); *Diesel Injection Sales & Service v. Gonazlez,* supra, at 194.

Another rule by which we will be guided in our review is that a trial court is clothed with broad discretion in determining whether to issue, or not to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case on its merits. When that discretion is exercised, it should not be overturned on appeal unless the record discloses a clear abuse of discretion. *Texas Foundries Inc. v. International Molders and Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460 (1952); *Home Savings Association v. Ramirez,* 600 S.W.2d 911 (Tex.Civ.App.— Corpus Christi 1980, writ ref'd n.r.e.). Further, in reviewing the order denying temporary injunction, we must draw all legitimate inferences from the evidence in the light most favorable to the trial court's judgment. *Hartwell's Office World, Inc. v. Systex Corporation,* 598 S.W.2d 636 (Tex. Civ.App.—Houston [14th Dist] 1980, writ ref'd n.r.e.).

In the present case, the evidence indicates that, at the very least, the appellee is a very confused and vulnerable individual. Based on the testimony of her daughter, a psychologist, and of the appellee herself, sufficient evidence was presented for the trial court to have inferred that the foreclosure sale was irregular and that the appellee would probably prevail on the hearing on the merits. Appellant's fourth point of error is overruled.

In his third point of error, the appellant challenges the legal sufficiency of the temporary injunction on the basis that the appellee had adequate legal remedies. We acknowledge that Tex.Rev.Civ.Stat. Ann. arts. 3992, 3994 (Vernon 1966) provide that the remedy of forcible entry and detainer is not exclusive and is not a bar to causes of action for trespass, damages, waste, rent, or mesne profits. These remedies would not have alleviated the present irreparable harm being suffered by the appellee at the time of the injunction hearing.

The trial court recites in its judgment that the last peaceable noncontested status of the property pending the controversy which was the issue of title was at the time when the appellee was in possession of the property. We hold that no other legal remedy which would have restored that status other than injunction. Appellant's third point of error is overruled.

In his fifth and sixth points of error, appellant seeks to argue before this Court issues which go to the merits of this cause. In response to these points of error, we repeat that we have found no abuse of discretion by the trial court in granting the injunction. In reference to appellant's sixth point of error concerning the failure of appellee to tender the purchase price to appellant, we note that the record indicates that both appellee and her daughter have indicated a willingness or an attempt to tender said price to appellant and were refused. Appellant's fifth and sixth points are overruled.

In his first point of error, the appellant raises the question of whether the District Court had jurisdiction to make a determination of the possession of the property where that issue had previously been determined by the Justice of the Peace Court in a forcible entry and detainer action. Both parties have cited this Court numerous cases, including our opinion in *Home Savings Association v. Ramirez,* supra, wherein appellate courts have held both ways about the propriety of District Courts' actions enjoining a Justice of the Peace or County Court from issuing a judgment of forcible entry and detainer and a writ of restitution. The distinction between the different holdings in the cited cases is clear. Where there is any question of title involved in the issuance of the judgment of forcible entry and detainer and the writ of restitution, it is improper for the Justice of the Peace Court to issue said judgment and writ and they are, therefore, subject to being enjoined by the District Court wherein the issue of title is properly to be heard. See, *Haith v. Drake,* 596 S.W.2d 194 (Tex.Civ.App.—Houston [1st

Dist.] 1980, no writ); *Rodriguez v. Sullivan,* 484 S.W.2d 592 (Tex.Civ.App.—El Paso 1972, no writ); *Pendleton v. Crabtree,* 214 S.W.2d 675 (Tex.Civ.App.—Amarillo 1948, no writ). As previously stated, the action of forcible entry and detainer in a suit to set aside a trustee's deed or other possessory actions in the District Court are cumulative and not exclusive remedies and may be resorted to and prosecuted concurrently. But where the sole matter involved is one of possession, the District Court has no authority to restrain by injunction a trial of the same issue in Justice Court. See *Cuellar v. Martinez,* 625 S.W.2d 3 (Tex.Civ.App. —San Antonio 1981, no writ); *Home Savings Association v. Ramirez, supra,* at 913; *Slay v. Fugitt,* 302 S.W.2d 698 (Tex.Civ. App.—Dallas 1957, writ ref'd n.r.e.); *Young Women's Christian Association of Austin v. Hair,* 165 S.W.2d 238 (Tex.Civ.App.—Austin 1942, writ ref'd w.o.m.).

■ The facts of this case, however, are different from either of the aforementioned fact situations. In this case, the forcible entry and detainer judgment and the issuance of the writ of restitution are not in any way challenged by the subsequent suit brought by appellee to set aside the trustee's sale. The suit brought by appellee is one to determine title and title alone. It is not to recover possession of the property although such a result naturally flows from the cause of action pled. The issue of possession was apparently determined by the forcible entry and detainer action in the Justice of the Peace Court. If that be so, then the District Judge merely took the parties in their status as they stood before him. Both parties were claiming title to the property with the appellee/plaintiff having been dispossessed from the property. Based on the evidence, the trial judge perceived that the dispossession of the appellee had caused her some irreparable injury and used the appropriate equitable remedy to alleviate that injury. The trial court was not attempting to review or to prevent any action by the Justice of the Peace Court. The trial court was merely acting in equity to correct a perceived wrong. The trial judge's order does not in any way enjoin the Justice of the Peace Court, County Court, or the Sheriff from any action concerning the forcible entry and detainer action. The injunction simply prevents appellant from interfering with appellee's possession of the property. Appellant's first point of error is overruled.

In his second point of error, appellant challenges the action of the trial court in granting the injunction because the issue of possession was res judicata in that possession had been previously decided by the Justice of the Peace Court. Before entering into a further discussion of this point of error, we would point out that the status of the record is such that the only evidence concerning the forcible entry and detainer suit is the testimony of the appellant that he did obtain a forcible entry and detainer judgment against appellee and a xerox copy of a writ of restitution which recites that appellant recovered a judgment in the Justice Court of Cameron County against appellee and which orders the Sheriff to remove appellee from the premises. There is no certified copy of any pleadings or judgments of forcible entry and detainer in the record.

■ The doctrine of res judicata is applicable if each of the following elements exists: identity of parties, issues, subject matter, relief sought, and cause of action. *Oak Lawn Preservation Society v. Board of Managers of Dallas County Hospital District,* 539 S.W.2d 167 (Tex.Civ.App.—Dallas 1976, no writ); *Lozano v. Patrician Movement,* 483 S.W.2d 369 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.); *Coulson v. City of San Angelo,* 286 S.W.2d 202 (Tex. Civ.App.—Austin 1956, writ ref'd n.r.e.). The burden of proving these elements by a preponderance of the evidence is upon the party asserting it unless each is established as a matter of law by the pleadings. See *Hastings v. Royal-Globe Insurance Companies,* 521 S.W.2d 869 (Tex.Civ.App.—San Antonio 1975, no writ).

■ The only evidence of the previous judgment is the uncertified copy of the writ of restitution offered and admitted into evi-

dence by appellant. This document is simply insufficient to establish the necessary elements to determine whether the prior judgment by the Justice of the Peace Court is res judicata of the issue of possession before the District Court. The document fails to establish all of the necessary elements of the doctrine of res judicata. Appellant had the burden of proving the existence and contents of the judgment or judgments upon which he relied as res judicata or as conclusive of the issue. *Davis v. Davis,* 141 Tex. 613, 175 S.W.2d 226 (1943). See *Twin City Fire Insurance Company v. Foster,* 537 S.W.2d 760 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.).

We hold that the trial court's granting of the temporary injunction did not constitute an abuse of discretion. All points of error which have been brought forward by the appellant are overruled.

The judgment of the trial court is AFFIRMED.

BISSETT, J., not participating.