TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00604-CV






Keith Wayne Middleton, Appellant



v.



Crestar Mortgage Corporation, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NO. 243,431, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING 







 This appeal arises out of a forcible detainer suit brought by appellee Crestar
Mortgage Corporation. Crestar sued appellant Keith Wayne Middleton in justice court, claiming
he was forcibly detaining property owned by Crestar. (1) See Tex. Prop. Code Ann. § 24.002 (West
Supp. 2000). The justice court ruled in favor of Middleton, ordering that Crestar take nothing,
and Crestar appealed to the county court at law. See Tex. R. Civ. P. 749. Crestar filed a motion
for summary judgment, which the county court granted. Middleton appeals from the county
court's granting of summary judgment in favor of Crestar. We will affirm.


Standard of Review

 Summary judgment is proper only when the movant establishes there are no genuine
issues of material fact to be decided and it is entitled to judgment as a matter of law. See Tex.
R. Civ. P. 166a; Memorial Med. Ctr. v. Howard, 975 S.W.2d 691, 692 (Tex. App.--Austin 1998,
pet. denied). In reviewing the granting of summary judgment, we view the evidence in the light
most favorable to the non-movant, making every reasonable inference and resolving all doubts in
his favor. See Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985);
Howard, 975 S.W.2d at 693. We will uphold the general granting of summary judgment if it is
supported by any of the grounds put forth in the movant's motion. See Bradley v. State ex rel.
White, 990 S.W.2d 245, 247 (Tex. 1999); Howard, 957 S.W.2d at 693. 

 Forcible detainer is committed when a person refuses to surrender possession of
real property upon a statutorily sufficient demand for possession if that person is: (1) a tenant or
subtenant willfully and without force holding over after his right of possession ends; (2) a tenant
at will or by sufferance; or (3) a tenant of someone who acquired possession by forcible entry. 
See Tex. Prop. Code Ann. § 24.002. Generally, an occupant of the property holding over after
the execution of a deed is considered a permissive tenant whose right to possession is inferior to
that of the party holding title. See Tex-Wis Co. v. Johnson, 534 S.W.2d 895, 899 (Tex. 1976);
BancTexas Westheimer v. Sumner, 734 S.W.2d 57, 59 (Tex. App.--Houston [1st Dist.] 1987, writ
dism'd w.o.j.). 

 A forcible detainer action is intended to be a summary, speedy, and inexpensive
proceeding to determine entitlement to property, an immediate legal remedy to obtain possession
without resorting to an action on the title. See Scott v. Hewitt, 90 S.W.2d 816, 818-19 (Tex.
1936); Home Sav. Ass'n v. Ramirez, 600 S.W.2d 911, 913 (Tex. Civ. App.--Corpus Christi 1980,
writ ref'd n.r.e.). Justice of the peace courts and, on appeal, county courts, have jurisdiction over
forcible detainer suits. See Tex. Prop. Code Ann. § 24.004 (West Supp. 2000); Tex. R. Civ. P.
749; Mitchell v. Armstrong Capital Corp., 911 S.W.2d 169, 171 (Tex. App.--Houston [1st Dist.]
1995, writ denied). 

 The only issue in a forcible detainer case is which party has the immediate right
to possession; the validity of title may not be decided by a justice or county court. (2) See Tex. R.
Civ. P. 746; Haginas v. Malbis Mem'l Found., 354 S.W.2d 368, 371 (Tex. 1962); Mitchell, 911
S.W.2d at 171. Justice and county courts may receive evidence of title for the sole purpose of
determining the right to possession when title issues are only tangentially related. See Falcon v.
Ensignia, 976 S.W.2d 336, 338 (Tex. App.--Corpus Christi 1998, no pet.); Goggins v. Leo, 849
S.W.2d 373, 378 (Tex. App.--Houston [14th Dist.] 1993, no writ). In such a case, reviewing title
evidence does not defeat the justice or county court's jurisdiction because the validity of the title
is not being decided. See Haith v. Drake, 596 S.W.2d 194, 197 (Tex. Civ. App.--Houston [1st
Dist.] 1980, writ ref'd n.r.e.). If title to the property is a genuine issue in the suit, meaning title
is so integrally linked to the question of possession that the right to possession cannot be
determined without determining title, justice and county courts lack jurisdiction over the cause. 
See Falcon, 976 S.W.2d at 338; Mitchell, 911 S.W.2d at 171. 


Analysis

 To establish forcible detainer and prevail on its motion for summary judgment,
Crestar had to establish as a matter of law the following: (1) the Middletons were tenants; (2)
Crestar had the right to possess the property; (3) Crestar made a statutorily-sufficient written
demand for possession; and (4) the Middletons refused to leave the property. See Tex. Prop Code
Ann. § 24.002. Middleton contends that Crestar did not establish its right to possession, arguing
that the omission from Crestar's evidence of the deed of trust between Middleton and Crestar
rendered incompetent the substitute trustee's deed upon which Crestar bases its right to
possession. Middleton does not dispute whether a landlord/tenant relationship existed, nor does
he allege the justice and county courts lacked jurisdiction over this cause.


Crestar's Motion for Summary Judgment

 Crestar's motion for summary judgment alleged Middleton defaulted on mortgage
payments required under an agreed bankruptcy stay. Upon Middleton's default, the bankruptcy
stay terminated and Crestar took steps to foreclose on the property under the deed of trust signed
by Middleton in favor of Crestar. A substitute trustee's sale ("the sale") was held and Crestar
bought the property, receiving a substitute trustee's deed ("Crestar's deed"). Crestar gave
Middleton written notice to vacate the property, Middleton refused, and Crestar filed its petition
for forcible detainer. Crestar alleged Middleton had received all required notices of his default,
Crestar's intention to accelerate the lien, and the impending foreclosure sale. Crestar further
alleged Middleton had been given an opportunity to cure his default, the foreclosure was legal and
proper, and Middleton was still living in the house without paying rent or making mortgage
payments. Crestar asserted that Middleton would be unable to provide evidence that the
foreclosure was improper, citing to the "no evidence" summary judgment rule. See Tex. R. Civ.
P. 166a(i).

 As summary judgment evidence, Crestar attached to its motion its substitute
trustee's deed, which recites the following: an August 23, 1996 deed of trust conveyed the
property from the Middletons as grantors to a trustee, thus securing payment to beneficiary
Crestar; the Middletons defaulted; Crestar appointed a substitute trustee and asked for the
enforcement of the deed of trust; notice of the sale was properly given; the sale was held in the
manner prescribed by law; and Crestar bought the property at the sale. Crestar also attached the
following additional summary judgment evidence: the April 13, 1998 bankruptcy order setting
out the required payments to be made by the Middletons; a letter to the Middletons stating they
were in default and had ten days to cure the default; letters informing the Middletons that Crestar
was accelerating the loan and would sell the property in a substitute trustee's sale; notice to the
Middletons of the impending Sale; notices sent to the Middletons after the sale stating that "[t]he
Deed of Trust provides that any person in possession of this property is a Tenant at Sufferance,"
and giving them thirty days to vacate the property; an affidavit of a Crestar employee stating the
Middletons defaulted on several payments required by the bankruptcy order; and a letter from
Crestar to the Middletons stating the loan was in default and the amount due must be paid in
guaranteed funds. 


Middleton's Response

 In his answer to Crestar's motion for summary judgment, Middleton claimed he
owned the subject property and had made timely monthly payments to the bankruptcy trustee,
including a payment for which Crestar had not given him credit. He alleged he attempted to make
the required payments that consisted of (1) regular monthly payments sent to one address, (2)
"additional payments" sent to a different address, and (3) regular monthly payroll deduction
payments. Middleton claimed he mailed a regular monthly payment in May 1998 but Crestar did
not acknowledge receipt of the payment and instead sent him notice he was in default. Middleton
alleged he sent Crestar his regular and additional payments for June 1998 but Crestar refused
them, instead foreclosing on the house. Middleton also claimed he was not required by the
bankruptcy order to remit payments in "guaranteed funds," such as by cashier's check. (3)

 As evidence, Middleton attached to his response the following documents: a
"Payment History" produced by Crestar reflecting a number of payments were made and noting
that various payments were not received in 1997 and 1998; Middleton's affidavit, stating (1) he
owned the subject property, (2) he made all payments indicated by the payment history as well
as an omitted November 1997 payment, (3) he met all terms required under the bankruptcy order,
(4) he was not required to make payments with guaranteed funds, and (5) he had always made
payments by personal check; a warranty deed dated August 23, 1996, from grantor Clark Wilson
Homes, Inc. to grantees Keith and Terri Middleton, noting that the Middletons had executed a
promissory note payable to Crestar and secured by a deed of trust, and noting Crestar expressly
retained a vendor's lien and superior title against the property; a letter from Crestar to Middleton
stating two checks were being returned as insufficient to reinstate the loan, only guaranteed funds
would be accepted, and the loan had been recommended for foreclosure; copies of the two
returned checks; and the bankruptcy order.


Discussion

 Middleton complains the trial court erred in granting summary judgment because
Crestar did not establish as a matter of law that it was entitled to possession of the property. 
Middleton argues that because Crestar did not include in its summary judgment evidence a
certified copy of the deed of trust: (1) Crestar did not show as a matter of law that Crestar's deed
was superior to Middleton's warranty deed; (2) a material issue of fact was created by Middleton's
conflicting deed evidence; and (3) the conflict between the two deeds was erroneously resolved
without requiring Crestar to establish the superiority of its deed. Middleton argues the trial court
should have required Crestar to prove its deed arose from and was authorized by the deed of trust. 
He claims Crestar's deed lacked the foundation necessary to support summary judgment and,
without that foundation, was inferior to Middleton's warranty deed. Middleton also argues the
recitals in Crestar's deed are insufficient, incompetent, and violate the Best Evidence Rule. See
Tex. R. Evid. 1001, 1002, 1003, 1004. (4)

 Middleton points to Olmos v. Pecan Grove Municipal Utility District, 857 S.W.2d
734 (Tex. App.--Houston [14th Dist.] 1993, no writ), for support of his argument that Crestar's
deed lacked a necessary foundation and therefore was incompetent to show a superior right to
possession. However, Olmos was an interpleader action in which multiple parties claimed their
entitlement to purchase money for utility facilities, not a forcible detainer case. See id. at 738. 
The prevailing party established its right to the purchase money by showing a chain of title to the
property by providing the deed of trust, substitute trustee's deed, and warranty deed. See id. 
Unlike Olmos, in which the propriety of title was an issue, a forcible detainer suit cannot address
the propriety of competing claims of title. See Tex. R. Civ. P. 746; Falcon, 976 S.W.2d at 338. 

 In this forcible detainer cause, Crestar is not required to prove its title but is only
required to show sufficient evidence of ownership to demonstrate a right to immediate possession
superior to Middleton's right to possession. See Goggins, 849 S.W.2d at 377; Martinez v.
Beasley, 572 S.W.2d 83, 85 (Tex. Civ. App.--Corpus Christi 1978, no writ). Middleton's
allegations concern whether he defaulted on the mortgage and the propriety of Crestar's
foreclosure; they are not proper issues to be determined in this cause. See Martinez, 572 S.W.2d
at 85. Any challenge to Crestar's deed or otherwise challenging Crestar's title to the property
cannot be considered in this action. See id. If Middleton wishes to attack the validity of the
foreclosure sale, he must do so in a separate action in the district court. See McGlothlin, 672
S.W.2d at 233; Scott, 90 S.W.2d at 818; Martinez, 572 S.W.2d at 85.

 Crestar established the elements of its forcible detainer cause of action when it
showed: (1) it bought the property at a foreclosure sale; (2) Middleton occupied the property at
the time of foreclosure; (3) the Middletons became tenants at sufferance when Crestar foreclosed;
(4) Crestar made a statutorily proper demand for possession; and (5) Middleton refused to
surrender possession. Middleton's warranty deed, preceding Crestar's deed and specifically
referencing the deed of trust made in favor of Crestar, does not raise a fact issue regarding
Crestar's immediate right to possession and does not conflict with Crestar's deed. Indeed, the
warranty deed indicates it was given in return for monies paid by Crestar and secured by the deed
of trust and Crestar's "Vendor's Lien and Superior Title upon and against the Property." 
Middleton did not present evidence rebutting the validity of Crestar's deed; his allegations
concerned the propriety of the foreclosure and did not address the matter before the county court,
that of an immediate right to possession.

 The evidence sufficiently established Crestar had an immediate right to possession,
and Middleton's deed evidence did not raise a material issue of fact that would bar the granting
of summary judgment. See Tex. Prop. Code Ann. § 24.002; Goggins, 849 S.W.2d at 377. The
county court did not err in granting summary judgment in favor of Crestar. We overrule
Middleton's issues on appeal.


Conclusion

 Having determined the county court correctly found Crestar had an immediate right
to possession and granted summary judgment, we affirm the county court's judgment.



 


 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: March 23, 2000

Do Not Publish
1. Terri Ann Middleton, appellant's wife, was not named individually in any court documents,
but she was named as a defendant in the county court's judgment. She is not a party to this
appeal.
2. The filing of a forcible detainer suit does not prohibit a party from bringing a separate suit
to attack the validity of a purported trustee's deed. See Home Sav., 600 S.W.2d at 913. A
forcible detainer action is cumulative, not exclusive, of other remedies, and a party may challenge
the trustee's deed in district court. See McGlothlin v. Kliebert, 672 S.W.2d 231, 233 (Tex.
1984).
3. Middleton also alleged in his response to Crestar's motion for summary judgment that
Crestar had forgiven the entire indebtedness, pointing as proof to a "1099-C" document filed with
the Internal Revenue Service. The 1099-C, dated September 1, 1998, the date of the substitute
trustee's sale, seems to indicate Crestar forgave the debt upon the sale of the property for more
than the amount owed by the Middletons. Middleton does not argue on appeal that the 1099-C
indicates Crestar's unilateral forgiveness of the loan was not dependent on the sale. 
4. Middleton also argues Crestar's motion for summary judgment could not properly have been
a rule 166a(i) "no evidence" motion because Crestar, not Middleton, had the burden of proof at
trial. Middleton somewhat overstates this contention. The rule allows a party to move for
summary judgment on the ground that the non-moving party will not be able to produce evidence
of a claim or a defense. See Tex. R. Civ. P. 166a(i). Crestar produced evidence that supported
its claim to immediate possession of the property and Middleton then had the burden of producing
evidence to support his defense. Middleton produced evidence in an attempt to answer Crestar's
no-evidence motion and rebut Crestar's claimed right to possession.



r he defaulted on the mortgage and the propriety of Crestar's
foreclosure; they are not proper issues to be determined in this cause. See Martinez, 572 S.W.2d
at 85. Any challenge to Crestar's deed or otherwise challenging Crestar's title to the property
cannot be considered in this action. See id. If Middleton wishes to attack the validity of the
foreclosure sale, he must do so in a separate action in the district court. See McGlothlin, 672
S.W.2d at 233; Scott, 90 S.W.2d at 818; Martinez, 572 S.W.2d at 85.

 Crestar established the elements of its forcible detainer cause of action when it
showed: (1) it bought the property at a foreclosure sale; (2) Middleton occupied the property at
the time of foreclosure; (3) the Middletons became tenants at sufferance when Crestar foreclosed;
(4) Crestar made a statutorily proper demand for possession; and (5) Middleton refused to
surrender possession. Middleton's warranty deed, preceding Crestar's deed and specifically
referencing the deed of trust made in favor of Crestar, does not raise a fact issue regarding
Crestar's immediate right to possession and does not conflict with Crestar's deed. Indeed, the
warranty deed indicates it was given in return for monies paid by Crestar and secured by the deed
of trust and Crestar's "Vendor's Lien and Superior Title upon and against the Property." 
Middleton did not present evidence rebutting the validity of Crestar's deed; his allegations
concerned the propriety of the foreclosure and did not address the matter before the county court,
that of an immediate right to possession.

 The evidence sufficiently established Crestar had an immediate right to possession,
and Middleton's deed evidence did not raise a material issue of fact that would bar the granting
of summary judgment. See Tex. Prop. Code Ann. § 24.002; Goggins, 849 S.W.2d at 377. The
county court did not err in granting summary judgment in favor of Crestar. We overrule
Middleton's issues on appeal.


Conclusion

 Having determined the county court correctly found Crestar had an immediate right
to possession and granted summary judgment, we affirm the county court's judgment.



 


 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: March 23, 2000

Do Not Publish
1. Terri Ann Middleton, appellant's wife, was not named individually in any court documents,
but she was named as a defendant in the county court's judgment. She is not a party to this
appeal.
2. The filing of a forcible detainer suit does not prohibit a party from bringing a separate suit
to attack the validity of a purported trustee's deed. See Home Sav., 600 S.W.2d at 913. A
forcible detainer action is cumulative, not exclusive, of other remedies, and a party may challenge
the trustee's deed in district court. See McGlothlin v. Kliebert, 672 S.W.2d 231, 233 (Tex.
1984).
3. Middleton also alleged in his response to Crestar's motion for summary judgment that
Crestar had forgiven the entire indebtedness, pointing as proof to a "1099-C" document filed with
the Internal Revenue Service. The 1099-C, dated September 1, 1998, the date of the substitute
trustee's sale, seems to indicate Crestar forgave the debt upon the sale of the property for more
than the amount owed by the Middletons. Middleton does not argue on appeal that the 1099-C
indicates Crestar's unilateral forgiveness of the loan was not dependent on the sale. 
4. Middleton also argues Crestar's motion for summary judgment could not properly have been
a rule 166a(i) "no evidence" motion because Crestar, not Middleton, had the burden of proof at
trial. Middleton somewhat overstates this contention. The rule allows a party to move for
summary judgment on the ground that the non-moving party will not be able to produce evidence
of a claim or a defense. See Tex. R. Civ. P. 166a(i). Crestar produced evidence that supported
its claim to immediate possession of the pro