NO. 07-04-0582-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 15, 2006



______________________________




GARY O. GARDNER, BEULAH DARLENE GARDNER, 


HOLLISTER GARDNER, APPELLANTS



V.



LARRY PICKARD STEWART, SHERIFF OF SWISHER COUNTY, TEXAS;


HONORABLE ED SELF, ACTING AS SWISHER COUNTY JUDGE


IN CAUSE NO. 1795, APPELLEES



_________________________________



FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;



NO. A10362-02-10; HONORABLE JACK D. YOUNG, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.


 OPINION




 By their sole issue, Gary O. Gardner, Beulah Darlene Gardner, and Hollister
Gardner contend the trial court erred in granting summary judgment for Larry Pickard
Stewart, Sheriff of Swisher County, and the Honorable Ed Self, acting as Swisher County
Judge, denying injunctive relief, and ordering they take nothing against Stewart and Self. 
We dismiss the purported appeal for want of jurisdiction.

 By two instruments dated September 16, 1975, and April 25, 1977, the Gardners
executed deeds of trust covering two tracts of land in Swisher County to secure payment
of their indebtedness to USDA-FmHA. Upon the Gardners' default, and after posting
written notice of default and private sale, the substitute trustee executed two deeds
covering the real estate described in the deeds of trust to Saddlehorn Investments, Inc., its
successors and assigns, forever. Then, upon hearing the application of Saddlehorn
Investments, Inc. for forcible entry and detainer, by order signed July 17, 2002, the Justice
Court Precinct 1 of Swisher County ordered that Saddlehorn Investments, Inc. was entitled
to possession of the two tracts of land covered by the deeds of the substitute trustee. Upon
the Gardners' appeal to Swisher County Court, District Judge Ed Self, acting as County
Judge by assignment, signed an order on October 3, 2002, that Saddlehorn Investments,
Inc. have possession of the property.

 The Gardners did not bring suit against Saddlehorn Investments, Inc. seeking
cancellation of the substitute trustee's deeds and an injunction ancillary to the
determination of title as was discussed in Ogden v. Coleman, 660 S.W.2d 578, 583
(Tex.App.-Corpus Christi 1983, no writ). Instead, proceeding pro se, without joining
Saddlehorn Investments, Inc. as a party, and seeking to cancel the deeds, the Gardners
filed suit in the 64th District Court of Swisher County naming Stewart and Self as
defendants. The Gardners describe their action as a collateral attack on the October 3,
2002 judgment of the Swisher County Court seeking to quash that judgment as of no effect
and seeking that Saddlehorn Investments, Inc., although not named as a party, be enjoined
from trespassing on the real estate or interfering with their farming operations. They also
sought a claim for damages. After considering the motions for summary judgment of
Stewart and Self, the court rendered judgment denying all relief sought by the Gardners.

 Initially, we note that even though they are proceeding pro se, the Gardners are held
to the same standards as a licensed attorney and must comply with the applicable laws and
rules of procedure. See Greenstreet v. Heiskell, 940 S.W.2d 831, 834 (Tex.App.--Amarillo
1997, no writ); Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978) (holding
litigants who represent themselves must comply with the procedures established by the
rules notwithstanding the fact they are not licensed attorneys). Before we consider the
Gardners' sole issue, we first address the question of whether the Gardners' pleadings and
action were effective to invoke the jurisdiction of the trial court. 

 As a matter of first consideration, any court has the duty to determine, sua sponte,
whether it has jurisdiction to hear the case. Welch v. McDougal, 876 S.W.2d 218, 220
(Tex.App.--Amarillo 1994, writ denied). As material to this question, section 65.023(b) of
the Texas Civil Practice & Remedies Code requires that an application for an injunction to
stay proceedings in a suit or execution on a judgment must be tried in the court in which
the suit is pending or the judgment was rendered. This requirement is jurisdictional and
does not relate merely to venue. See Butron v. Cantu, 960 S.W.2d 91, 94 (Tex.App.--Corpus Christi 1997, no writ); Home Sav. Ass'n v. Ramirez, 600 S.W.2d 911, 913
(Tex.Civ.App.-Corpus Christi 1980, writ ref'd n.r.e.) (holding that a district court has no
authority to issue injunction restraining enforcement of judgment of the county court where,
as here, the judgment solely resolves who is entitled to immediate possession). Because
the Gardners seek to challenge execution of the judgment of the County Court of Swisher
County, the District Court of Swisher County did not have jurisdiction to consider the action
and, hence, we have no jurisdiction of the purported appeal. 

 Accordingly, the purported appeal is dismissed for want of jurisdiction.


 Don H. Reavis

 Justice