

IN THE
TENTH COURT OF APPEALS

No. 10-09-00109-CV

PATRICK MCLAUGHLIN,

Appellant

 v.

WELLS FARGO BANK, N.A., AS TRUSTEE
UNDER POOLING AND SERVICING
AGREEMENT DATED AS OF AUGUST 1, 2005
ASSET-BACKED PASS-THROUGH
CERTIFICATES SERIES 2005-WHQ4

Appellee

From the County Court
Hamilton County, Texas
Trial Court No. CV2208

## MEMORANDUM  OPINION

Wells Fargo Bank, N.A., as Trustee under Pooling and Servicing Agreement

Dated as of August 1, 2005 Assett-Backed Pass-Through Certificates Series 2005-WHQ4

(Wells Fargo) brought a forcible detainer action in justice court against Patrick

McLaughlin.  Wells Fargo prevailed and obtained a judgment awarding it possession.

McLaughlin appealed to the County Court of Hamilton County.  Wells Fargo moved for

and was granted summary judgment on its forcible detainer claim and again obtained a judgment awarding it possession. Raising two issues, McLaughlin appeals. We will affirm.

We review a trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

In his first issue, McLaughlin asserts that the County Court lacked jurisdiction over the forcible detainer action because his wife had filed a trespass-to-try-title claim over the same property in federal court.

> Jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo. *See* TEX. PROP. CODE ANN. § 24.004 (Vernon 2000); *Goggins v. Leo,* 849 S.W.2d 373, 375 (Tex. App.—Houston [14th Dist.] 1993, no writ); *Home Sav. Ass'n v. Ramirez,* 600 S.W.2d 911, 913 (Tex. Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.).

*Aguilar v. Weber*, 72 S.W.3d 729, 731 (Tex. App.—Waco 2002, no pet.).

The sole issue in a forcible detainer suit is to determine who has the right to immediate possession of the premises. *Id.* at 732 (citing *Rice v. Pinney,* 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.)).

> Because a forcible detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state, the displaced party is entitled to bring a separate suit in the district court to determine the question of title. *Scott v. Hewitt,* 127 Tex. 31, 35, 90 S.W.2d 816, 818-19 (1936); *Ramirez,* 600 S.W.2d at 913; *Martinez v. Beasley,* 572 S.W.2d 83, 85 (Tex. Civ. App.—Corpus Christi 1978, no writ). Forcible detainer actions in justice courts may be brought and prosecuted concurrently with suits to try title in district court. *Haith,* 596 S.W.2d at 196; *Hartzog v. Seeger Coal Co.,* 163 S.W. 1055, 1060 (Tex. Civ. App.—Dallas 1914, no writ).

*Rice*, 51 S.W.3d at 709; *see Mitchell v. Wells Fargo Bank,* No. 10-07-00296-CV, 2008 WL

4212571, at *1 (Tex. App.—Waco Sept. 3, 2008, pet. dism'd w.o.j.); *Aguilar*, 72 S.W.3d at 732. "This is so 'even if the other action adjudicates matters that could result in a different determination of possession from that rendered in the forcible detainer suit.' " *Mitchell*, 2008 WL 4212571, at *1 (citing *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 437 (Tex. App.—Houston [1st Dist.] 2007, no pet.)).

The summary-judgment evidence shows that the subject property was sold at foreclosure to Wells Fargo. Under the express terms of Paragraph 22 of the deed of trust, McLaughlin became a tenant at sufferance and thereafter refused to vacate the premises, leading to Wells Fargo's forcible detainer suit. Accordingly, despite the concurrent federal suit,[1] the County Court had jurisdiction. *See id.*; *Rice*, 51 S.W.3d at 710-13. Issue one is overruled.

In his second issue, McLaughlin asserts that Wells Fargo lacked standing because it failed to demonstrate any interest in the subject property. Wells Fargo presented summary-judgment evidence that it is the owner of the subject property under a substitute trustee's deed relating to the above-mentioned foreclosure sale. Because the evidence shows that Wells Fargo owned the property after having purchased it at foreclosure, it had standing to bring the forcible detainer action and to show its right to immediate possession of the premises. *See Aguilar*, 72 S.W.3d at 732. Issue two is overruled.

---

[1] The record contains information about the federal suit against Wells Fargo, and McLaughlin included the federal complaint in his brief's appendix. That suit was dismissed with prejudice, and McLaughlin and his wife were declared vexatious litigants under chapter 11 of the Civil Practice and Remedies Code. *See McLaughlin v. Wells Fargo Bank, N.A. as Trustee*, No. W-09-CA-025 (W.D. Tex. Sept. 15, 2009).

Having overruled both of McLaughlin's issues, we affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed July 13, 2011
[CV06]