IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00109-CV

 

Patrick McLaughlin,

                                                                                    Appellant

 v.

 

Wells Fargo Bank, N.A., AS TRUSTEE

UNDER
POOLING AND SERVICING

AGREEMENT
DATED AS OF AUGUST 1, 2005

ASSET-BACKED
PASS-THROUGH 

CERTIFICATES
SERIES 2005-WHQ4

                                                                                    Appellee

 

 

 



From the County Court

Hamilton County, Texas

Trial Court No. CV2208

 



MEMORANDUM  Opinion



 

            Wells Fargo Bank, N.A., as
Trustee under Pooling and Servicing Agreement Dated as of August 1, 2005
Assett-Backed Pass-Through Certificates Series 2005-WHQ4 (Wells Fargo) brought
a forcible detainer action in justice court against Patrick McLaughlin.  Wells
Fargo prevailed and obtained a judgment awarding it possession.  McLaughlin
appealed to the County Court of Hamilton County.  Wells Fargo moved for and was
granted summary judgment on its forcible detainer claim and again obtained a
judgment awarding it possession.  Raising two issues, McLaughlin appeals.  We
will affirm.

            We review a trial court’s
summary judgment de novo.  Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003).

            In his first issue,
McLaughlin asserts that the County Court lacked jurisdiction over the forcible
detainer action because his wife had filed a trespass-to-try-title claim over
the same property in federal court.

            Jurisdiction of forcible
detainer actions is expressly given to the justice court of the precinct where
the property is located and, on appeal, to county courts for a trial de novo.  See
Tex. Prop. Code Ann. § 24.004
(Vernon 2000); Goggins v. Leo, 849 S.W.2d 373, 375 (Tex. App.—Houston
[14th Dist.] 1993, no writ); Home Sav. Ass’n v. Ramirez, 600 S.W.2d 911,
913 (Tex. Civ. App.—Corpus Christi 1980, writ ref’d n.r.e.).

 

Aguilar
v. Weber, 72 S.W.3d
729, 731 (Tex. App.—Waco 2002, no pet.).

 

            The sole issue in a forcible
detainer suit is to determine who has the right to immediate possession of the
premises.  Id. at 732 (citing Rice v. Pinney, 51 S.W.3d 705, 709
(Tex. App.—Dallas 2001, no pet.)).

Because a forcible detainer action is
not exclusive, but cumulative, of any other remedy that a party may have in the
courts of this state, the displaced party is entitled to bring a separate suit
in the district court to determine the question of title.  Scott v. Hewitt,
127 Tex. 31, 35, 90 S.W.2d 816, 818-19 (1936); Ramirez, 600 S.W.2d at
913; Martinez v. Beasley, 572 S.W.2d 83, 85 (Tex. Civ. App.—Corpus
Christi 1978, no writ).  Forcible detainer actions in justice courts may be
brought and prosecuted concurrently with suits to try title in district court.  Haith,
596 S.W.2d at 196; Hartzog v. Seeger Coal Co., 163 S.W. 1055, 1060 (Tex.
Civ. App.—Dallas 1914, no writ).

 

Rice, 51 S.W.3d at 709; see Mitchell v. Wells Fargo Bank,
No. 10-07-00296-CV, 2008 WL 4212571, at *1 (Tex. App.—Waco Sept. 3, 2008, pet.
dism’d w.o.j.); Aguilar, 72 S.W.3d at 732.  “This is so ‘even if the
other action adjudicates matters that could result in a different determination
of possession from that rendered in the forcible detainer suit.’ ” Mitchell,
2008 WL 4212571, at *1 (citing Hong Kong Dev., Inc. v. Nguyen, 229
S.W.3d 415, 437 (Tex. App.—Houston [1st Dist.] 2007, no pet.)).

            The summary-judgment
evidence shows that the subject property was sold at foreclosure to Wells
Fargo.  Under the express terms of Paragraph 22 of the deed of trust, McLaughlin
became a tenant at sufferance and thereafter refused to vacate the premises,
leading to Wells Fargo’s forcible detainer suit.  Accordingly, despite the
concurrent federal suit,[1]
the County Court had jurisdiction.  See id.; Rice, 51 S.W.3d at
710-13.  Issue one is overruled.

            In his second issue,
McLaughlin asserts that Wells Fargo lacked standing because it failed to
demonstrate any interest in the subject property.  Wells Fargo presented
summary-judgment evidence that it is the owner of the subject property under a
substitute trustee’s deed relating to the above-mentioned foreclosure sale. 
Because the evidence shows that Wells Fargo owned the property after having
purchased it at foreclosure, it had standing to bring the forcible detainer
action and to show its right to immediate possession of the premises.  See
Aguilar, 72 S.W.3d at 732.  Issue two is overruled.

            Having overruled both of
McLaughlin’s issues, we affirm the trial court’s judgment.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Davis, and

Justice Scoggins

Affirmed

Opinion
delivered and filed July 13, 2011

[CV06]









[1] The record contains information about
the federal suit against Wells Fargo, and McLaughlin included the federal
complaint in his brief’s appendix.  That suit was dismissed with prejudice, and
McLaughlin and his wife were declared vexatious litigants under chapter 11 of
the Civil Practice and Remedies Code.  See McLaughlin v. Wells Fargo Bank,
N.A. as Trustee, No. W-09-CA-025 (W.D. Tex. Sept. 15, 2009).