TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00567-CV






Memorial Medical Center of East Texas, Appellant



v.



James A. Howard, Special Deputy Receiver of Texas Employers' Insurance Association, 


and Texas Property and Casualty Insurance Guaranty Association, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 93-15520, HONORABLE DON B. MORGAN, JUDGE PRESIDING 







 Appellant, Memorial Medical Center of East Texas ("Memorial"), appeals the
summary judgment in favor of appellees, James A. Howard, Special Deputy Receiver of Texas
Employers' Insurance Association ("the Receiver"), and Texas Property and Casualty Insurance
Guaranty Association ("the Association"). (1) Memorial sued appellees seeking a declaration that
they owed Memorial reimbursement for the costs it incurred defending a suit brought against it
by past and present employees. All parties filed motions for summary judgment. Without
specifying the grounds, the trial court granted the motions filed by appellees. Memorial now
appeals the granting of the motions. We will affirm.

STATEMENT OF FACTS

 Texas Employers Insurance Association ("Employers") provided workers'
compensation insurance to Memorial during the 1970s and 1980s. As part of the coverage,
Employers agreed to defend Memorial against any claim, proceeding, or suit brought for benefits
payable under the insurance policy. In 1989, former and present employees of Memorial filed
suit against the hospital styled Allen v. Memorial Medical Center of East Texas. (2) In their original
petition, the Allen plaintiffs claimed that, as a result of Memorial's negligence, gross negligence,
and intentional acts, they suffered personal injuries from exposure to ethylene oxide gas, which
Memorial's surgical department used to sterilize surgical instruments. (3) Since Employers insured
Memorial during part of the time the Allen plaintiffs claimed to have been exposed to the gas,
Memorial requested that Employers defend it against the suit. According to the facts alleged in
Memorial's pleadings in the present case, Employers assumed the defense of Memorial until
Employers became an impaired insurer and the subject of receivership proceedings.

 On February 1, 1991, Employers was placed in temporary receivership, and a
temporary receiver was appointed. The trial court appointed a permanent receiver on March 28,
1994, and James A. Howard was appointed Special Deputy Receiver. On April 8, 1994, the
Association elected to assume the Receiver's responsibilities to process and pay covered claims
in the Employers' receivership proceeding.

 On December 21, 1993, Memorial filed suit seeking a declaration that appellees
were obligated both "to provide a defense for Memorial" in the Allen suit and "to indemnify
Memorial for its past expenses in defending" the Allen suit. On August 29, 1996, Memorial filed
its Third Amended Petition in which it claims that, as of the date of filing, it has spent
$147,985.98 defending the Allen suit. Memorial continues to assert that the Receiver and the
Association are obligated to pay Memorial's past and future expenses incurred in defending the
Allen suit and continues to seek a declaration to that effect. All parties filed motions for summary
judgment. The trial court, without specifying the reasons, granted appellees' motions. In two
points of error, Memorial now appeals, contending the trial court erred in granting the appellees'
motions for summary judgment.


STANDARD OF REVIEW

 A summary judgment is proper only when a movant establishes that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law. See Tex. R.
Civ. P. 166a. In deciding whether a disputed material fact issue precluding summary judgment
exists, evidence favorable to the nonmovant will be taken as true. See Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Every reasonable inference must be
indulged in favor of the nonmovant, and any doubts resolved in its favor. See id. A summary
judgment for the defendants disposing of the entire case is proper if, as a matter of law, the
plaintiff could not succeed upon any theories pleaded. See Delgado v. Burns, 656 S.W.2d 428,
429 (Tex. 1983).

 A motion for summary judgment must expressly state the grounds upon which it
is made and will stand or fall on those grounds alone. See McConnell v. Southside Indep. Sch.
Dist., 858 S.W.2d 337, 339 (Tex. 1993). Summary judgments may not be affirmed or reversed
on grounds not expressly set forth in the motions presented to the trial court. See City of Houston
v. Clear Creek Basin Auth., 589 S.W.2d 671, 677 (Tex. 1979). Where, as here, a trial court's
order granting summary judgment does not specify the ground or grounds relied on for the ruling,
the nonmovant must defeat each summary judgment ground urged by the movant. See Carr v.
Brasher, 776 S.W.2d 567, 569 (Tex. 1989). Otherwise, the appellate court must uphold the
summary judgment if any of the theories advanced are meritorious. Id.

 When reviewing cross-motions for summary judgment, the appellate court should
consider all the summary judgment proof and determine all questions presented. See
Commissioners Court of Titus County v. Agan, 940 S.W.2d 77, 81 (Tex. 1997). The appellate
court may affirm the trial court's summary judgment or reverse and render judgment on the non-prevailing party's motion. See Holmes v. Morales, 924 S.W.2d 920, 922 (Tex. 1996); Jones v.
Strauss, 745 S.W.2d 898, 900 (Tex. 1988). 


DISCUSSION

A. Claim Against the Receiver

 As part of its grounds for summary judgment, the Receiver argued that any duty
to reimburse Memorial its defense costs was statutorily precluded by article 21.28 section 2(e) of
the Texas Insurance Code (the "Code"). This section states:


(e) Conducting of Business. Upon taking possession of the assets of a delinquent
insurer the receiver shall, subject to the direction of the court, immediately proceed
to conduct the business of the insurer, or to take such steps as may be necessary
to conserve the assets and protect the rights of policyholders and claimants for the
purpose of liquidating, rehabilitating, reinsuring, reorganizing or conserving the
affairs of the insurer. Notwithstanding the foregoing requirements or the terms of
any insurance contract issued by a delinquent insurer, the receiver is not required
to defend any action against an insured of a delinquent insurer.



Tex. Ins. Code Ann. art. 21.28 (West Supp. 1998) (emphasis added). Memorial claims that this
statute is irrelevant because Memorial is not demanding that the Receiver provide a defense but
only that it reimburse Memorial for its defense costs. There is no merit to Memorial's argument. 
According to the relief requested in Memorial's pleadings, Memorial seeks both reimbursement
of defense costs already incurred in the Allen suit and a declaration that appellees are obligated
to provide any future defense. More importantly, the duty to reimburse arises from an initial duty
to defend. See U.S. Fidelity & Guar. Co. v. Baldwin Motor Co., 34 S.W.2d 815, 819 (Tex.
Comm'n App. 1931, judgm't adopted) (insurance company not required to reimburse its insured
for defense costs unless duty to defend is triggered); Houston Title Guar. Co. v. Fontenot, 339
S.W.2d 347, 352 (Tex. Civ. App.--Houston 1960, writ ref'd n.r.e.) (obligation to defend was
clearly intended to mean that company would relieve insured of duty and expense of having
counsel). Here, the plain language of the statute specifically removes the duty to defend an
insured from the Receiver's list of obligations in conducting the business of a delinquent insurer. 
Consequently, Memorial's reimbursement claim against the Receiver, as the party conducting the
business of Employers, must fail. We hold that the Receiver is not required to defend Memorial
in the Allen suit or to reimburse Memorial for defense costs already incurred. Point of error one
is overruled.


B. Claim Against the Association

 The Association also argues in its motion for summary judgment that it is
statutorily precluded from defending or reimbursing Memorial. The Association relies on the
following 1993 historical note to article 21.28-C of the Code:


[T]he Texas Property and Casualty Insurance Guaranty Association may assume
its responsibilities under this Act in proceedings initiated before January 1, 1992,
prior to September 1, 1994, on an estate-by-estate basis. Assumption of its
responsibilities in proceedings initiated before January 1, 1992, shall not impose
upon the Texas Property and Casualty Insurance Guaranty Association a duty to
defend insureds who have been sued under a liability policy issued by an impaired
insurer.



Tex. Ins. Code Ann. art. 21.28-C historical note (West Supp. 1998) [Act of May 30, 1993, 73d
Leg., R.S., ch. 685, § 9.23, 1993 Tex. Gen. Laws 2559, 2638] (emphasis added). The appellate
record reflects that receivership proceedings were initiated against Employers on February 1,
1991, and that the Association elected to assume its responsibilities on April 8, 1994. Consistent
with the Code, we hold that the Association has no duty to defend Memorial or, for the reasons
previously explained, to reimburse its defense costs. Point of error two is overruled.


CONCLUSION

 Under these circumstances, the Receiver and the Association have no obligation
to defend or to reimburse Memorial, the insured of a delinquent insurer, for defense costs. 
Consequently, we conclude that summary judgment for appellees was proper, and we affirm the
judgment of the trial court.



 


 Marilyn Aboussie, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: July 30, 1998

Publish
1. We will refer to the Receiver and Association jointly as "appellees." 
2. For convenience and clarification, we will refer to the employees as the "Allen plaintiffs" and
to their underlying lawsuit as the "Allen suit."
3. The Allen plaintiffs have amended the original petition numerous times. The most recent
petition, filed in 1995, maintains the previous allegations but also includes claims for assault and
battery and punitive damages for the death of employees due to Memorial's gross negligence. 



 the
purpose of liquidating, rehabilitating, reinsuring, reorganizing or conserving the
affairs of the insurer. Notwithstanding the foregoing requirements or the terms of
any insurance contract issued by a delinquent insurer, the receiver is not required
to defend any action against an insured of a delinquent insurer.



Tex. Ins. Code Ann. art. 21.28 (West Supp. 1998) (emphasis added). Memorial claims that this
statute is irrelevant because Memorial is not demanding that the Receiver provide a defense but
only that it reimburse Memorial for its defense costs. There is no merit to Memorial's argument. 
According to the relief requested in Memorial's pleadings, Memorial seeks both reimbursement
of defense costs already incurred in the Allen suit and a declaration that appellees are obligated
to provide any future defense. More importantly, the duty to reimburse arises from an initial duty
to defend. See U.S. Fidelity & Guar. Co. v. Baldwin Motor Co., 34 S.W.2d 815, 819 (Tex.
Comm'n App. 1931, judgm't adopted) (insurance company not required to reimburse its insured
for defense costs unless duty to defend is triggered); Houston Title Guar. Co. v. Fontenot, 339
S.W.2d 347, 352 (Tex. Civ. App.--Houston 1960, writ ref'd n.r.e.) (obligation to defend was
clearly intended to mean that company would relieve insured of duty and expense of having
counsel). Here, the plain language of the statute specifically removes the duty to defend an
insured from the Receiver's list of obligations in conducting the business of a delinquent insurer. 
Consequently, Memorial's reimbursement claim against the Receiver, as the party conducting