TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00755-CV






Sheila Fitzgerald, Individually and as Personal Representative of the


Estate of Megan Fitzgerald, Deceased, Appellant



v.



Bhaskar Patel, Individually and d/b/a Rodeway Inn at University;


and Choice Hotels International, Inc., Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 98-11773, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING







 Sheila Fitzgerald appeals from the trial court's grant of summary judgment in favor
of appellees Bhaskar Patel and Choice Hotels International, Inc., (collectively, "the Hotel") in her
wrongful death action. We will affirm the trial court's judgment.


Factual and Procedural Background



 Misty Deeds, age twenty, rented a room at the Hotel on Friday, October 18, 1996. 
That Saturday night, Misty invited Megan Fitzgerald (Fitzgerald), age seventeen, and another
friend to the room. Sunday afternoon, the three women went to a shopping mall. After they
returned to the Hotel, four male acquaintances came over. The other two women left, leaving
Fitzgerald and the four men in the room. Throughout this time, the occupants of the room were
consuming alcohol and various illegal drugs. Sometime around 10:00 p.m., Ruben Shumake, one
of the visitors, was playing with a handgun. He tried to move the slide on the gun; when it
seemed to jam, he tried to get it unstuck. Suddenly, the slide loosened and the gun discharged,
shooting Fitzgerald in the head, killing her instantly. The four men fled. When the other women
returned to the room, they discovered Fitzgerald's body.

 Appellant sued the Hotel, claiming that it was negligent in failing to protect
Fitzgerald from the criminal acts of third parties on the premises. The Hotel moved for summary
judgment on the basis that it owed no such duty to Fitzgerald. The trial court granted summary
judgment in favor of the Hotel. In one point of error, appellant contends that the trial court erred
in granting the summary judgment.


Discussion



 The threshold inquiry in a negligence action is duty. See Centeq Realty, Inc. v.
Siegler, 899 S.W.2d 195, 197 (Tex. 1995). In general, a person has no legal duty to protect
another from the criminal acts of a third person. See Walker v. Harris, 924 S.W.2d 375, 377
(Tex. 1996). An exception exists for a person who controls premises who has a duty to use
ordinary care to protect invitees from criminal acts of third parties if he knows or has reason to
know of an unreasonable and foreseeable risk of harm to the invitee. See Mellon Mortgage Co.
v. Holder, 5 S.W.3d 654, 655 (Tex. 1999) (applying Timberwalk factors) (plurality op.);
Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749 (Tex. 1997); Leftmark
Management Co. v. Old, 946 S.W.2d 52, 53 (Tex. 1997); Plowman v. Glen Willows Apartments,
978 S.W.2d 612, 617 (Tex. App.--Corpus Christi 1998, pet. denied). However, a landowner has
no duty to protect people on his property from criminal conduct whenever crime might occur. See
Timberwalk, 972 S.W.2d at 756. The foreseeability of an unreasonable risk of criminal conduct
is a prerequisite to imposing a duty of care on a person who owns or controls premises to protect
others on the property from risk. Id. Whether such a duty exists is a question of law for the
court. (1) Id.

 "Foreseeability is the beginning, not the end, of the analysis in determining the
extent of the duty to protect against criminal acts of third parties." Timberwalk, 972 S.W.2d at
756. The factors to consider in determining foreseeability are: whether any criminal conduct
previously occurred on or near the property; how recently the criminal conduct occurred; how
often crime has occurred; how similar the conduct was to the conduct on the property; what
publicity was given the occurrences to show that the landowner knew or should have known about
them. See Timberwalk, 972 S.W.2d at 757. These factors are to be analyzed together in
determining whether criminal conduct was foreseeable. Id. at 758.

 For a risk to be foreseeable, there must be evidence of criminal activity within the
specific area at issue, either on the landowner's property or nearby. Timberwalk, 972 S.W.2d at
757. The opinion in Timberwalk noted that most courts have looked to narrow geographic areas
in analyzing the foreseeability of criminal conduct. (2) Timberwalk, 972 S.W.2d at 758. Statistics
regarding large or undefined geographic areas do not by themselves make crime foreseeable at a
specific location. Id. Appellees' evidence showed the property had experienced four robberies
of desk clerks over a twelve-year period. The robberies did not result in any injuries to
employees or guests. In 1982 or 1983, a wife stabbed her husband during an altercation between
the two that occurred on the property. Appellant's evidence, on the other hand, relied on statistics
for the census tract in which the Hotel was located, an admittedly large area. Appellant's
evidence does not create a fact issue on the frequency of crime under Timberwalk.

 "The complete absence of previous crimes or the occurrence of a few crimes over
an extended time period, negates the foreseeability element." Timberwalk, 972 S.W.2d at 758. 
The four robberies at the Hotel spanned a twelve-year period, or one robbery every 2.2 years. 
One stabbing between married persons, which apparently did not result in death, occurred in the
early eighties. There was no evidence that any other serious assault or murder had ever occurred
before Fitzgerald's death. (3) No evidence of any increase in crimes close in time to Fitzgerald's
death was offered. It is instructive to compare the facts concerning the incidence of crime in the
current case to those in a recent carjacking/murder case. In Dickinson Arms-Reo, L.P. v.
Campbell, 4 S.W.3d 333, 335-36 (Tex. App.--Houston [1st Dist.] 1999, pet. filed), juveniles who
had earlier attended a gang party at an apartment in the same complex murdered a tenant's guest
during a carjacking on the complex property. In a three and one-half year period, the complex
had experienced 184 reported offenses. Id. at 340. A resident who was also a part-time leasing
agent at the complex had reported to higher management that many nonresidents were on the
premises in the evenings, "taking over" the pool and laundry area. She considered these strangers
dangerous to her and her children. Id. An assault had occurred only five days before the
carjacking/murder. Id. at 339. Under those facts, the appellate court upheld a jury finding that
the carjacking/murder was foreseeable.

 The publicity surrounding previous crimes helps determine whether a landowner
knew or should have known of a foreseeable danger. Timberwalk, 972 S.W.2d at 758. Previous
similar incidents cannot make future crime foreseeable if no one knows or should have known that
those incidents occurred. Id. at 758-59. Here, the only crimes occurring on the property are the
ones discussed above. There is no duty for a property owner to regularly inspect criminal records
to determine the risk of crime in the area, even assuming the area of foreseeability extends to the
blocks adjacent to the Hotel. Id. at 759. There is no evidence that the Hotel had ignored
incidents of crime, or even suspicious behavior as in Dickinson Arms, that had been reported to
it.

 Finally, under Timberwalk, the previous crimes must be sufficiently similar to the
crime in question so as to place the landowner on notice of the specific danger. See Walker v.
Harris, 924 S.W.2d 375, 377 (Tex. 1996) (stabbing of guest at apartment complex not foreseeable
from four prior incidents of vandalism and theft of refrigerator from vacant apartment). The
robberies of the desk clerks at the Hotel did not involve injuries either to staff or guests. Of
course, Fitzgerald was not killed or injured during a robbery at the front desk. The crime at issue
occurred when one invited guest killed another invited guest. Although appellant suggested that
the front desk should have noticed a high rate of comings and goings and that there were
numerous people as well as Fitzgerald in the room rented by Deeds, the Hotel's evidence showed
there were no complaints about noise coming from the room or anything else that would have
suggested the occurrence of criminal activity in this particular room. Nor was there evidence that
police had ever been regularly called to the premises because of drug activity, gang activity, or
any activities that might have meant the Hotel should have been especially vigilant about
protecting its guests.


Conclusion



 After reviewing the summary judgment evidence, we conclude that, under
Timberwalk, the Hotel established that it could not foresee the risk of harm to Megan Fitzgerald
and consequently had no duty to protect her from, or warn her of, the acts of another invited guest
in the same room. Accordingly, we affirm the summary judgment.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Smith

Affirmed

Filed: May 4, 2000

Do Not Publish
1. The trial court granted summary judgment. Summary judgment is properly granted only
when a movant establishes there are no genuine issues of material fact to be decided and that it
is entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a(c); Memorial Med. Ctr. v.
Howard, 975 S.W.2d 691, 692 (Tex. App.--Austin 1998, pet. denied). In reviewing the grant of
summary judgment, we view the evidence in the light most favorable to the non-movant and make
every reasonable inference and resolve all doubts in favor of the non-movant. See Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985); Howard, 975 S.W.2d at 693.
2. Timberwalk gave as examples: a parking ramp; a particular restaurant; a parking ramp and
adjacent Hotel; and, most commonly, an apartment complex. See Timberwalk, 972 S.W.2d at 757
n.37 (citations omitted).
3. There was no evidence introduced about the length of time the Hotel had been in business.



ted to higher management that many nonresidents were on the
premises in the evenings, "taking over" the pool and laundry area. She considered these strangers
dangerous to her and her children. Id. An assault had occurred only five days before the
carjacking/murder. Id. at 339. Under those facts, the appellate court upheld a jury finding that
the carjacking/murder was foreseeable.

 The publicity surrounding previous crimes helps determine whether a landowner
knew or should have known of a foreseeable danger. Timberwalk, 972 S.W.2d at 758. Previous
similar incidents cannot make future crime foreseeable if no one knows or should have known that
those incidents occurred. Id. at 758-59. Here, the only crimes occurring on the property are the
ones discussed above. There is no duty for a property owner to regularly inspect criminal records
to determine the risk of crime in the area, even assuming the area of foreseeability extends to the
blocks adjacent to the Hotel. Id. at 759. There is no evidence that the Hotel had ignored
incidents of crime, or even suspicious behavior as in Dickinson Arms, that had been reported to
it.

 Finally, under Timberwalk, the previous crimes must be sufficiently similar to the
crime in question so as to place the landowner on notice of the specific danger. See Walker v.
Harris, 924 S.W.2d 375, 377 (Tex. 1996) (stabbing of guest at apartment complex not f