TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00552-CV







FDSTO, Inc., F. Donald Orr, Jr. and Suzan T. Orr, Appellants


v.



Duane Blakeslee and Blakeslee, Lewis & Co., L.L.P., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 99-04014, HONORABLE ERNEST C. GARCIA, JUDGE PRESIDING 







 Appellants FDSTO, Inc., F. Donald Orr, Jr., and Suzan T. Orr (together "the Orrs")
appeal from a district-court order granting summary judgment in favor of appellees Duane Blakeslee
and Blakeslee, Lewis & Co., L.L.P. (together "Blakeslee"). The Orrs sued Blakeslee for negligence
in the preparation of financial statements. We will affirm the district court's summary judgment.


FACTUAL AND PROCEDURAL BACKGROUND Donald and Suzan Orr own FDSTO, Inc. ("FDSTO"). On October 9, 1996, the Orrs
purchased AAA Truck & Trailer Repair, Inc. ("AAA") from Alan and Elva Talley (the "Talleys")
for $245,000. The Orrs financed the purchase using $19,000 from personal funds, a $126,000 loan
from the federal Small Business Administration, and a $100,000 promissory note. The loan and
promissory note were both made by FDSTO and guaranteed by the Orrs. Before their calculation
of the offer price, a real-estate broker provided the Orrs with two financial statements of AAA that
Blakeslee had prepared for the Talleys. The statements represented the financial performance of
AAA for the periods ending March 31, 1996 and June 30, 1996. The March 31 statement is the
subject of much controversy. It was prepared on an income-tax, or cash, basis. Both of the
statements were accompanied by a cover letter that contained disclaimers concerning what the
statements did and did not reflect. Among the disclaimers was the following: 


Management has elected to omit substantially all of the disclosures and statements
of retained earnings and cash flows as required by generally accepted accounting
principles. If the omitted disclosures and statement of retained earnings were
included in the financial statements, they might influence the user's conclusion about
the company's financial position and results of operations. Accordingly, these
statements are not designed for those who are not informed about such matters.


 The Orrs were also allowed to download a copy of AAA's business accounting
records that had been compiled using "QuickBooks" software. After briefly reviewing the data in
QuickBooks, the Orrs determined that it was not useful because it was not organized into any
recognized accounting format.

 The Orrs retained a certified public accountant to evaluate the statement of AAA's
financial operations for the period ending March 31, 1996. The Orrs' accountant "found nothing out
of the ordinary" other than an unusually large entry under miscellaneous income. The Orrs did not
ask their accountant to examine the June 30, 1996 statement, the data in QuickBooks, or any other
record reflecting the financial performance of AAA. Satisfied with their accountant's evaluation,
the Orrs made their offer to purchase AAA. Their $245,000 offer price was calculated based upon
the income shown on the two 1996 financial statements, only one of which had been reviewed by
the Orrs' accountant. The purchase of AAA was completed on October 9, 1996.

 According to the Orrs, their purchase price turned out to be too high. Blakeslee had
prepared the March 31, 1996 statement on an income-tax basis, which is not in accordance with
generally accepted accounting principles. Blakeslee had previously prepared AAA's financial
statements on an accrual basis. The change in reporting from the last quarter of 1995 to the first
quarter of 1996 had the effect of overstating income on the March 31, 1996 statement by
approximately $18,380. The Orrs did not realize the overstatement until late April or early May
1997, when they were able to compare their own financial statements from the first quarter of 1997
with the statement Blakeslee had prepared for the first quarter of 1996. 

 The financial statement from the last quarter of 1995, which would have alerted the
Orrs to the overstatement of income on the March 31, 1996 statement, was located in one of three
file cabinets that the Talleys had left behind after the sale of AAA. The file cabinets contained,
among other things, invoices, work orders, and financial statements dating back to the early 1990's. 
The Talleys made the contents of the file cabinets available to the Orrs on or before September 16,
1996, more than three weeks before the sale of AAA was consummated.

 The Orrs filed suit in district court on April 6, 1999, alleging that Blakeslee acted
negligently by failing to "accurately reflect the prior financial operations and condition of the
business." The petition further alleged that Blakeslee knew or should have known that the Orrs
would rely to their detriment on the financial information Blakeslee had prepared. The Orrs sought
actual damages of $125,000, which represents the amount by which they claim the purchase price
exceeds the true value of AAA. The Orrs also sought loss of rate of return on investment, as well
as special and consequential damages. Blakeslee moved for summary judgment based on the
affirmative defense of the two-year statute of limitations applicable to suits for negligence. The
district court granted Blakeslee's motion, and the Orrs now appeal by five issues. 

 

DISCUSSION

Standard of Review

 A traditional motion for summary judgment is properly granted when the movant
establishes that there are no genuine issues of material fact to be decided and that it is entitled to
judgment as a matter of law. (1) Tex. R. Civ. P. 166a(c); Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d
217, 222 (Tex. 1999); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). In reviewing
a summary judgment, we view the evidence in the light most favorable to the nonmovant and make
every reasonable inference and resolve all doubts in favor of the nonmovant. Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985); Memorial Med. Ctr. v. Howard, 975 S.W.2d 691,
693 (Tex. App.--Austin 1998, pet. denied). When a defendant moves for summary judgment based
on an affirmative defense, the defendant, as movant, bears the burden of conclusively proving each
essential element of its defense. See Rhone-Poulenc, 997 S.W.2d at 223; Ryland Group, Inc. v.
Hood, 924 S.W.2d 120, 121 (Tex. 1996).

Statute of Limitations

 By their first two issues, the Orrs argue that summary judgment was not proper
because there was "no issue as to the material fact that [their] cause of action accrued less than two
years before the lawsuit was filed" or, alternatively, there was a "genuine issue as to the material fact
that [their] cause of action accrued less than two years before the lawsuit was filed." In order to
respond to the Orrs' first two issues, we must determine when their cause of action accrued. The
question of when a cause of action accrues is a legal one. Moreno v. Sterling Drug, Inc., 787 S.W.2d
348, 351 (Tex. 1990). In applying the statute of limitations, a tort action accrues when the alleged
wrongful act causes the injury, regardless of when the plaintiff learns of such injury. Id. The facts
suggest that the Orrs' claim accrued no later than October 9, 1996, the date that the sale of AAA was
consummated. Even if we assume that Blakeslee acted negligently in preparing the financial
statements, the Orrs suffered no harm until they used the statements to overestimate the value of
AAA and incorporated the estimate in their offer to purchase the business. Negligence is governed
by the two-year statute of limitations. See Tex. Civ. Prac. & Rem. Code Ann. §16.003 (West Supp.
2001). Absent some exception to the statute of limitations, the Orrs' suit must have been filed no
later than October 1998. Having been filed on April 6, 1999, it is time-barred unless the discovery
rule applies. We overrule the Orrs' first two issues.


Discovery Rule 

 By their third issue, the Orrs argue that summary judgment was improper because
their lawsuit against Blakeslee "was filed within two years after [they] knew, or in the exercise of
reasonable diligence, should have known of the wrongful act and resulting injury." By their fourth
issue, the Orrs argue that they were "entitled to the benefit of the discovery rule, inasmuch as the
nature of the injury incurred was inherently undiscoverable and the evidence of injury was
objectively verifiable." The discovery rule provides a very limited exception that tolls the running
of limitations until the plaintiff knows or, in the exercise of reasonable diligence, should have
known, of the facts giving rise to the cause of action. Computer Assocs. Int'l, Inc. v. Altai, Inc., 918
S.W.2d 453, 455 (Tex. 1996); Heron Fin. Corp. v. United States Testing Co., 926 S.W.2d 329, 331
(Tex. App.--Austin 1996, writ denied). In other words, the discovery rule suspends the applicable
statute of limitations when (1) the nature of the injury is inherently undiscoverable and (2) evidence
of the injury is objectively verifiable. Altai, Inc., 918 S.W.2d at 456; Heron Fin. Corp., 926 S.W.2d
at 332. A defendant seeking a limitations-based summary judgment must prove when the cause of
action accrued and, if the discovery rule is applicable, must negate the discovery rule by proving as
a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should
have discovered the nature of the injury. KPMG Peat Marwick v. Harrison County Hous. Fin.
Corp., 988 S.W.2d 746, 748 (Tex. 1999); Burns v. Thomas, 786 S.W.2d 266, 267 (Tex. 1990);
Heron Fin. Corp., 926 S.W. 2d at 332. It is not enough that the particular injury complained of is
not discovered; rather, the question is whether the injury is generally discoverable by the exercise
of due diligence. See HECI Exploration Co. v. Neel, 982 S.W.2d 881, 886 (Tex. 1998). 

 Under the first prong of the Altai test, the nature of the injury must be inherently
undiscoverable. Altai, 918 S.W.2d at 456. The requirement of inherent undiscoverability recognizes
that the discovery rule exception should be permitted only in circumstances where it is difficult for
the injured party to learn of the negligent act. See Willis v. Maverick, 760 S.W.2d 642, 645 (Tex.
1988). The Texas Supreme Court has rarely recognized injuries as being inherently undiscoverable,
and has correspondingly applied the discovery rule in only a limited number of circumstances. See,
e.g., id. at 645 (adopting discovery rule for legal malpractice cases because of special relationship
between attorney and client); Kelley v. Rinkle, 532 S.W.2d 947, 949 (Tex. 1976) (adopting discovery
rule where there is false credit report, due to short limitations period for libel action and unsuspecting
injured party); Hays v. Hall, 488 S.W.2d 412, 414 (Tex. 1972) (adopting discovery rule in medical
malpractice cases arising from vasectomy operations because of difficulty of discovering fertility
immediately after surgery); Gaddis v. Smith, 417 S.W.2d 577, 580-81 (Tex. 1967) (adopting
discovery rule in context of foreign-objects medical-malpractice cases because of patient's inability
to discover negligent act immediately after surgery). Likewise, this Court has not allowed the
discovery rule to toll the limitations period when the injury was not inherently undiscoverable. See,
e.g., AT&T Corp. v. Rylander, 2 S.W.3d 546 (Tex. App.--Austin 1999, pet. denied) (finding that
selective collection of PUC assessments was not inherently undiscoverable because pattern of
assessments was public information); Poth v. Small, Craig, & Werkenthin, L.L.P., 967 S.W.2d 511
(Tex. App.--Austin 1998, no pet.) (holding that law firm's representation of corporation was not
inherently undiscoverable even though law firm was not hired by officers of corporation; alleged
payment of $400,000 by corporation to law firm was not inherently undiscoverable even though
payment was not authorized by officers of corporation); Patrick v. Howard, 904 S.W.2d 941 (Tex.
App.--Austin 1995, no writ) (finding that injuries sustained during wrongful criminal prosecution
were not inherently undiscoverable). 

 The Orrs' injury was not inherently undiscoverable. The cover letters accompanying
the March 31 and June 30, 1996 financial statements expressly state that the documents "omit all
disclosures and statements of retained earnings and cash flows required by generally accepted
accounting principles." Duane Orr had been a businessman for thirty years. He testified that he was
aware of the difference between cash-basis accounting and accrual-basis accounting. The cover
letters should have put him on notice that he needed to take further steps to ensure that the financial
condition of AAA was accurately reflected in the financial statements for the first two quarters of
1996. Had Orr diligently reviewed AAA's business records, which had been available to him since
September 16, 1996, he would have discovered the financial statement from the last quarter of 1995
that had been prepared on an accrual basis. This would have alerted the Orrs of their overestimate
of the value of AAA and allowed them to either avoid the purchase before it had been finalized or
promptly bring suit against Blakeslee. The Orrs relied on their own evaluation of two financial
statements to make an estimate of the value of AAA. Their reliance was compelled by the fact that
the statements were prepared by a certified public accountant. However, the disclaimer on the cover
letter of the statements themselves should have put the Orrs on notice that the statements could not
be relied on as an accurate measure of AAA's financial position. Due diligence required the Orrs to
provide their own accountant with the financial records of AAA they had access to prior to the date
of closing to allow the accountant to perform an independent evaluation of the business.

 The Orrs argue that the March 31, 1996 statement "incorrectly purported to have been
prepared on a generally accepted accounting principles basis." However, a close reading reveals that
Blakeslee made clear that the March 31 statement was not prepared according to generally accepted
accounting principles. A more diligent and careful investigation would have made the Orrs aware
of the injury they had sustained long before it was actually discovered. Accepting the Orrs'
argument as true would require this Court to hold that, despite due diligence, their injury was not
likely to be discovered before April 5, 1997. This we are unable to do. We overrule the Orrs' third
and fourth issues.

 The Orrs' fifth issue concerns whether the discovery rule applies in accountant-
negligence actions even when the claims are raised by nonclient third parties. Because we have
determined that Blakeslee negated the applicability of the discovery rule, we need not consider this
issue. See Tex. R. App. P. 47.1. (2)

CONCLUSION

 Having concluded that the Orrs' cause of action accrued more than two years before
its claim was filed and that the discovery rule does not apply, we affirm the summary judgment in
favor of Blakeslee.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson. 

Affirmed

Filed: June 7, 2001

Do Not Publish

1. Because Blakeslee filed only a traditional motion for summary judgment, we do not discuss the
standards for reviewing a "no-evidence" motion for summary judgment. See Tex. R. Civ. P. 166a(i).
2. Texas courts are divided on the issue of whether the discovery rule can be raised by a non-client
who has been injured by an accountant's alleged negligence. Compare Hendricks v. Thorton, 973
S.W.2d 348 (Tex. App.--Beaumont 1998, pet. denied) (holding discovery rule applies to delay
accrual of causes of action involving negligence against accountants even when claims are raised by
non-client third parties), with Brown v. KPMG Peat Marwick, 856 S.W.2d 742 (Tex. App.--El Paso
1993, writ denied) (holding discovery rule is not applicable to delay running of statute of limitations
when auditor is sued for negligence by third parties who rely on audited financial statements).


996 financial statements expressly state that the documents "omit all
disclosures and statements of retained earnings and cash flows required by generally accepted
accounting principles." Duane Orr had been a businessman for thirty years. He testified that he was
aware of the difference between cash-basis accounting and accrual-basis accounting. The cover
letters should have put him on notice that he needed to take further steps to ensure that the financial
condition of AAA was accurately reflected in the financial statements for the first two quarters of
1996. Had Orr diligently reviewed AAA's business records, which had been available to him since
September 16, 1996, he would have discovered the financial statement from the last quarter of 1995
that had been prepared on an accrual basis. This would have alerted the Orrs of their overestimate
of the value of AAA and allowed them to either avoid the purchase before it had been finalized or
promptly bring suit against Blakeslee. The Orrs relied on their own evaluation of two financial
statements to make an estimate of the value of AAA. Their reliance was compelled by the fact that
the statements were prepared by a certified public accountant. However, the disclaimer on the cover
letter of the statements themselves should have put the Orrs on notice that the statements could not
be relied on as an accurate measure of AAA's financial position. Due diligence required the Orrs to
provide their own accountant with the financial records of AAA they had access to prior to the date
of closing to allow the accountant to perform an independent evaluation of the business.

 The Orrs argue that the March 31, 1996 statement "incorrectly purported to have been
prepared on a generally accepted accounting principles basis." However, a close reading reveals that
Blakeslee made clear that the March 31 statement was not prepared according to generally accepted
accounting principles. A more diligent and careful investigation would have made the Orrs aware
of the injury they had sustained long before it was actually discovered. Accepting the Orrs'
argument as true would require this Court to hold that, despite due diligence, their injury was not
likely to be discovered before April 5, 1997. This we are unable to do. We overrule the Orrs' third
and fourth issues.

 The Orrs' fifth issue concerns whether the discovery rule applies in accountant-
negligence actions even when the claims are raised by nonclient third parties. Because we have
determined that Blakeslee negated the applicability of the discovery rule, we need not consider this
issue. See Tex. R. App. P. 47.1. (2)

CONCLUSION

 Having concluded that the Orrs' cause of action accrued more than two years before
its claim was filed and that the discovery rule does not apply, we affirm the summary judgment in
favor of Blakeslee.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson. 

Affirmed

Filed: June 7, 2001

Do Not Publish

1. Because Blakeslee filed only a traditional motion for summary judgment, we do not discuss the
standards for reviewing a "no-evidence" motion for summary judgment. See Tex. R. Civ. P. 166a(i).
2. Texas courts are divided on the issue of whether the discovery rule can be raised by a non-client
who has been injured by an accountant's alleged negligence. Compare Hendricks v. Thorton, 973
S.W.2d 348 (Tex. App.--Beaumont 1998, pet. denied) (holding discovery rule applies to delay
accrual of causes of action involving negligence against accountants even when claims are raised by
non-client third parties), with Brown v. KPMG Peat Marwick, 856 S.W.2d 742 (Tex. App.--El Paso
1993, writ denied) (holding discovery rule is not applicable to delay running of statute of limitations
when auditor is sued for negligence by third parties who rely on audited financial statements).


996 financial statements expressly state that the documents "omit all
disclosures and statements of retained earnings and cash flows required by generally accepted
accounting principles." Duane Orr had been a businessman for thirty years. He testified that he was
aware of the difference between cash-basis accounting and accrual-basis accounting. The cover
letters should have put him on notice that he needed to take further steps to ensure that the financial
condition of AAA was accurately reflected in the financial statements for the first two quarters of
1996. Had Orr diligently reviewed AAA's business records, which had been available to him since
September 16, 1996, he would have discovered the financial statement from the last quarter of 1995
that had been prepared on an accrual basis. This would have alerted the Orrs of their overestimate
of the value of AAA and allowed them to either avoid the purchase before it had been finalized or
promptly bring suit against Blakeslee. The Orrs relied on their own evaluation of two financial
statements to make an estimate of the value of AAA. Their reliance was compelled by the fact that
the statements were prepared by a certified public accountant. However, the disclaimer on the cover
letter of the statements themselves should have put the Orrs on notice that the statements could not
be relied on as an accurate measure of AAA's financial position. Due diligence required the Orrs to
provide their own accountant with the financial records of AAA they had access to prior to the date
of closing to allow the accountant to perform an independent evaluation of the business.

 The Orrs argue that the March 31, 1996 statement "incorrectly purported to have been
prepared on a generally accepted accounting principles basis." However, a close reading reveals that
Blakeslee made clear that the March 31 statement was not prepared according to generally accepted
accounting principles. A more diligent and careful investigation would have made the Orrs aware
of the injury they had sustained long before it was actually discovered. Accepting the Orrs'
argument as true would require this Court to hold that, despite due diligence, their injury was not
likely to be discovered before April 5, 1997. This we are unable to do. We overrule the Orrs' third
and fourth issues.

 The Orrs' fifth issue concerns whether the discovery rule applies in accountant-
negligence actions even when the claims are raised by nonclient third parties. Because we have
determined that Blakeslee negated the applicability of the discovery rule, we need not consider this
issue. See Tex. R. App. P. 47.1. (2)

CONCLUSION

 Having concluded that the Orrs' cause of action accrued more than two years before
its claim was filed and that the discovery rule does not apply, we affirm the summary judgment in
favor of Blakeslee.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson. 

Affirmed

Filed: June 7, 2001

Do Not Publish

1. Because Blakeslee filed only a traditional motion for summary judgment, we do not discuss the
standards for reviewing a "no-evidence" motion for summary judgment. See Tex. R. Civ. P. 166a(i).
2. Texas courts are divided on the issue of whether the discovery rule can be raised by a non-client
who has been injured by an accountant's alleged negligence. Compare Hendricks v. Thorton, 973
S.W.2d 348 (Tex. App.--Beaumont 1998, pet. denied) (holding discovery rule applies to delay
accrual of causes of action involving negligence against accountants even when claims are raised by
non-client third parties), with Brown v. KPMG Peat Marwick, 856 S.W.2d 742 (Tex. App.--El Paso
1993, writ denied) (holding discovery rule is not applicable to delay running of statute of limitations
when auditor is sued