TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00768-CV






Chester William Ingram, Jr., Appellant



v.



Wayne Scott, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 98-02199, HONORABLE MARGARET COOPER, JUDGE PRESIDING







 Appellant Chester William Ingram, Jr., appeals from the district court's order granting
appellee Wayne Scott's motion for summary judgment. We will affirm.


Factual background

 Ingram is an inmate in the Texas Department of Criminal Justice-Institutional
Division ("the Department"). He filed a mandamus action complaining that Scott, the Department's
executive director, had violated section 501.008 of the Government Code, governing the
development of an inmate grievance system. Specifically, Ingram alleged that the Department did
not have in place procedures for inmates to substantiate their grievances. (1) See Tex. Gov't Code Ann.
§ 501.008(b)(1) (West 1998). Ingram and Scott both filed motions for summary judgment. The
district court granted Scott's motion in October 1999, and Ingram appealed to this Court. We
reversed the district court's order, holding that Scott had not established his right to summary
judgment; we overruled Ingram's contentions that he was entitled to summary judgment and that the
trial court should have compelled Scott to answer Ingram's discovery requests. See Ingram v. Scott,
No. 03-99-00774-CV (Tex. App.--Austin June 22, 2000, no pet.) (not designated for publication). 
We noted that Scott's motion for summary judgment argued that inmate grievance procedures need
not be in writing and stated that the Department is required by statute and departmental directives
to establish procedures but failed to attach as an exhibit any affidavit or other evidence explaining
those procedures. See id., slip op. at 14-16.

 On remand, Ingram filed a new motion for summary judgment and Scott filed a
supplemental motion for summary judgment. The district court granted Scott's supplemental
motion, and Ingram appeals from that order, complaining that the district court erred in granting
Scott's motion for summary judgment and in denying Ingram's. He contends that Scott did not
establish the existence of the procedures required by section 501.008 for inmates to substantiate their
grievances and that, to the contrary, he established as a matter of law that those procedures do not
exist. We disagree.


Standard of review


 A mandamus action initiated in a trial court is subject to appeal as any other civil suit.
See Anderson v. City of Seven Points, 806 S.W.2d 791, 792 n.1 (Tex. 1991); University of Tex. Law
Sch. v. Texas Legal Found., 958 S.W.2d 479, 481 (Tex. App.--Austin 1997, no pet.). Therefore,
we do not review a trial court's granting or denial of summary judgment under the abuse of
discretion standard applicable to mandamus actions initiated in appellate courts; instead we review
such decisions under standards generally applicable to motions for summary judgment in other civil
suits. See University of Tex. Law Sch., 958 S.W.2d at 481.

 Summary judgment is properly granted only when the movant establishes that there
are no genuine issues of material fact to be decided and that he is entitled to judgment as a matter
of law. See Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991);
Memorial Med. Ctr. v. Howard, 975 S.W.2d 691, 692 (Tex. App.--Austin 1998, pet. denied). A
defendant seeking summary judgment must negate as a matter of law at least one element of each
of the plaintiff's theories of recovery or plead and prove as a matter of law each element of an
affirmative defense. See Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). If the
defendant produces evidence establishing his right to summary judgment, the burden shifts to the
plaintiff to present evidence raising a fact issue. See id.

 In reviewing the grant of summary judgment, we view the evidence in the light most
favorable to the non-movant and make every reasonable inference and resolve all doubts in favor of
the non-movant. See id.; Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985);
Howard, 975 S.W.2d at 693. When the trial court's order granting summary judgment does not
specify the grounds relied upon, we will affirm the judgment if it is supported by any of the grounds
put forth by the movant. See Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999);
Howard, 957 S.W.2d at 693.


Discussion

 In his supplemental motion for summary judgment, Scott stated that the Department
distributes "Instructions on How to Write and Submit Grievances" to inmates. Those instructions
are as follows:


Use dark ink or type only, submit the original form . . ., and write legibly so that your
grievance may be addressed. State the issue grieved in as few words as possible. 
Avoid the use of legal terms. State the facts of the incident, because facts can be
investigated. Be brief, but clear in stating the problem. . . . If official documents . . . 
are necessary to support the issue, they may be attached.



The instructions tell an inmate to contact a unit grievance investigator ("UGI") if he needs help
completing a grievance form or understanding a grievance decision. Scott explained that the
Department interprets section 501.008 to mean that an inmate substantiates his or her grievance by
"filing a formal written grievance in accordance with the instructions on the face of the grievance
form itself" and the above described instructions.

 Attached as an exhibit to Scott's motion was an affidavit by Keith Clendennen,
Administrator of Offender Grievances for the Department. As exhibits, Clendennen produced a
Department board policy and an administrative directive, both governing how the Department
processes grievances, and the most recent Offender Grievance Operations Manual. The manual
informs inmates that their grievances are confidential and that investigative notes, reports, or
testimony will not be provided to the grievant. The manual explains that such investigative materials
may contain sensitive security information and could lead to retaliation. The manual also lists what
are grievable and non-grievable issues. The manual explains, 


Offenders must state the nature of the grievance on a single grievance form in the
space provided. Only official documents (i.e. I-60, sick call requests, property
papers, etc.) necessary to substantiate the claim may be attached to the grievance. 
Insects, food particles, or similar items that are not necessary to support and/or
process the grievance will not be accepted as attachments. Grievances submitted
with excessive or inappropriate attachments may be returned to the offender
unprocessed.



The manual goes on to explain that the inmate must document an attempt to resolve the issue
informally and must document a request for a specific action to resolve the complaint. The manual
explains the steps taken in processing grievances, the role of a UGI, and includes the grievance form
instructions and numerous examples of forms that may be used in grievance processing.

 Scott also attached as an exhibit the affidavit of Carl Reynolds, the Department's
general counsel, who stated that the statutes related to inmate grievances were not intended to give
inmates a right to conduct discovery as part of the grievance procedure, but were intended to have
inmates "identify evidence, within their personal knowledge, supporting their grievance complaint
by writing a formal grievance" for investigation. He states that the Department has written and
distributed instructions on how inmates should write their grievances and what information should
be included.

 Ingram argues that "[n]o single source and location of words in the submitted
documents [attached to Scott's supplemental motion]" sets out procedures satisfying section 501.008
and that "since no labeled 'procedure' exist [sic], Scott is not in compliance" with the law. Ingram
further contends that instructions on completing a grievance form are not the same as "procedures
for an inmate to identify evidence to substantiate" a grievance and that any procedure alleged by
Scott is "elective" because UGIs have discretion in conducting investigations and interviewing
alleged witnesses. We do not believe that the investigative methods used by UGIs has any bearing
on whether Scott has complied with section 501.008. Further, we disagree with Ingram's claim that
Scott has failed to identify satisfactory procedures.

 Section 501.008 states that the Department must develop and maintain a certified
grievance system that includes procedures for an inmate to identify substantiating evidence and to
receive all formal written responses to his grievance. Tex. Gov't Code Ann. § 501.008. Section
501.008 does not address how grievances are to be investigated and does not require a particular
form, location, or manner in which the procedures are to be developed or distributed. Nor is the
Department required to provide evidence to an inmate who believes that the evidence would
substantiate his grievance.

 Scott's exhibits show that an inmate must first pursue informal resolution of his
complaint and request specific relief. Then an inmate must, using Department forms and following
the distributed instructions, describe the complaint, set out the facts to be investigated, and attach
any applicable official documents. In other words, the Department informs inmates that they should
explain all relevant facts and attach any relevant documentary evidence; this is the method by which
the Department has decided inmates should identify substantiating evidence. In his supplemental
motion, Scott demonstrated as a matter of law that the Department has satisfied section 501.008 and
has developed a procedure for inmates to identify evidence. Having held Scott was entitled to
summary judgment, we overrule Ingram's argument that the district court should have granted
Ingram's motion for summary judgment. We overrule Ingram's issues on appeal and affirm the
district court's judgment.



 

 David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: August 30, 2001

Do Not Publish

1. In relevant part, section 501.008 reads as follows:


(a) The department shall develop and maintain a system for the resolution of grievances
by inmates housed in facilities operated by the department or under contract with the
department that qualifies for certification under 42 U.S.C. Section 1997e and the
department shall obtain and maintain certification under that section. . . . 


(b) The grievance system must provide procedures:


 (1) for an inmate to identify evidence to substantiate the inmate's claim; and 


 (2) for an inmate to receive all formal written responses to the inmate's grievance.


Tex. Gov't Code Ann. § 501.008 (West 1998).